## 60240. SHANNON v. THORNTON.

SHULMAN, Judge.

Plaintiff-patient brought suit against defendant-dentist for damages resulting from defendant's allegedly negligent replacement of a bridge in plaintiff's mouth. From the grant of defendant's motion for summary judgment based on the running of the statute of limitations plaintiff appeals. We affirm.

Plaintiff underwent treatment by defendant from November of 1976 through February of 1977. Plaintiff brought the present action on July 19, 1979, more than two years after plaintiff's last treatment by defendant. Plaintiff thus did not timely file suit within the period of limitation for actions for medical malpractice set forth in Code Ann. § 3-1102. It is plaintiff's contention, however, that the bridge installed in her mouth was a "foreign object" within the meaning of Code Ann. § 3-1103 and that, therefore, the general statute of limitations (Code Ann. § 3-1102) is inapplicable. Plaintiff asserts that the grant of defendant's motion for summary judgment was thus improper, in that in accordance with § 3-1103 she filed suit within one year of her discovery of defendant's negligence in "leaving" the object (the bridge) in her body. We cannot agree.

We must take issue with appellant's contention that the dental bridge fixed or placed by the defendant in plaintiff's mouth constituted a foreign object within the meaning of Code Ann. § 3-1103. A dental bridge is in the nature of a "fixation device or prosthetic aid or device" and, as such, is excluded by statute from consideration as a "foreign object." Moreover, Code Ann. § 3-1103 applies only where "a foreign object has been *left* in a patient's body." (Emphasis supplied.) Where, as here, an object is purposely placed in a body it cannot be said to have been "left," which, in the context of the statute, connotes a non-purposeful act.

Furthermore, even had the period of limitation not begun to run until after the discovery of defendant's negligence, appellant acknowledged on deposition that she had been informed by a periodontist in November of 1977 that her bridge had not been installed properly. We find, then, that the present action, filed on July 19, 1979, more than one year after the discovery of defendant's alleged negligence and more than two years after the date of the alleged negligent act, was barred by the statute of limitations.

Since plaintiff failed to bring suit within the requisite period of limitation (§ 3-1102), the judgment of the trial court granting

defendant's motion for summary judgment is affirmed.
*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 9, 1980.

*J. Dunham McAllister,* for appellant.
*Joseph W. Watkins,* for appellee.