64212, 64213. IVEY v. SCOGGINS (two cases).

Pope, Judge.

In October 1973 Dr. Henry Scoggins, defendant/appellee physician, performed a hysterectomy upon plaintiff/appellant Mrs. Ivey. After the surgery, Mrs. Ivey complained of pain in the "left flank" area with accompanying low grade fever, headaches and nausea. These symptoms persisted and, in June 1977, Dr. Scoggins referred Mrs. Ivey to a radiologist who found that the left kidney was slightly larger than the right, a possibly normal variation, and who suggested that, if her symptoms warranted, further radiological procedures should be pursued. The record evidence shows no order for or performance of any such procedures. Mrs. Ivey continued to be treated by Dr. Scoggins until November 1977.

In February 1980 Mrs. Ivey consulted with other physicians, one of whom performed exploratory surgery upon her resulting in the removal of her left kidney on February 8, 1980. Mr. and Mrs. Ivey allege that Dr. Scoggins negligently placed and left a suture in Mrs. Ivey's ureter leading to her left kidney during the 1973 hysterectomy resulting in its blockage and necessitating the subsequent removal of her kidney. The Iveys each filed suit on January 27, 1981 alleging negligence and malpractice. Dr. Scoggins' motion for summary judgment was granted based upon the running of the statute of limitation. These appeals followed.

1. In an effort to extricate their medical malpractice claims from the control of the special statute of limitation for medical malpractice, Code Ann. § 3-1102, the Iveys allege its unconstitutionality. In recent similar challenges to the constitutionality of Code Ann. § 3-1102, the Supreme Court has decided the issue adversely to the Iveys by upholding its validity and constitutionality. *Allrid v. Emory University,* 249 Ga. 35 (1) (285 SE2d 521) (1982); *Hamby v. Neurological Assoc.,* 243 Ga. 698 (256 SE2d 378) (1979). The Iveys further contend that the statute of limitation was tolled by the fraud of Dr. Scoggins pursuant to Code Ann.

§ 3-807. For the reasons advanced in Division 2 of this opinion, we need not reach the issue of fraud.

2. The Iveys contend that the trial court erred in applying the statute of limitation contained in Code Ann. § 3-1102 to bar their causes of action. Code Ann. § 3-1102 provides: *"Except as otherwise provided in this Chapter,* an action for medical malpractice shall be brought within two years after the date on which the *negligent or wrongful act or omission occurred."* (Emphasis supplied.) The allegedly negligent act in these cases occurred during the hysterectomy in October 1973. Thus,· application of the two-year limitation stated in Code Ann. § 3-1102 would bar the Iveys' actions for malpractice stemming from it.

Although the Iveys' claims are not removed from the two-year statute of limitation stated in Code Ann. § 3-1102 based on their attack upon its constitutionality, the facts of the case sub judice are sufficient to toll the otherwise applicable limitation of Code Ann. § 3-1102. Code Ann. § 3-1103 provides: "None of the limitations of section 3-1102 shall apply where a foreign object has been left in a patient's body, but an action shall then be brought within one year after such negligent or wrongful act or omission is discovered. For purposes of this section, 'foreign object' shall not include a chemical compound, fixation device or prosthetic aid or device."

In this case, the suture allegedly left in Mrs. Ivey's ureter after the 1973 hysterectomy is a "foreign object" within the contemplation of Code Ann. § 3-1103 under the rationale of *Dalbey v. Banks,* 245 Ga. 162 (264 SE2d 4) (1980). The Supreme Court in *Dalbey* interpreted Code Ann. § 3-1103 to refer "to objects placed in the patient's body during some medical procedure in such a fashion that the physician may be charged with knowledge that the object is lodged there. Where a physician places a foreign object in his patient's body during treatment, he has actual knowledge of its presence. His failure to remove it goes beyond ordinary negligence so as to be classified by the legislature as a continuing tort which tolls the statute of limitations until the object is discovered. The purpose of the legislature in making a distinction between the two types of medical malpractice was to allow the plaintiff's claim which does not rest on professional diagnostic judgment or discretion to survive until actual discovery of the wrongdoing. In such situations the danger of belated, false or frivolous claims is eliminated. The foreign object in the patient's body is directly traceable to the doctor's malfeasance." Id. at 163-164.

In the present case, Dr. Scoggins performed a hysterectomy upon Mrs. Ivey who has alleged that he negligently sutured the ureter leading to her left kidney. We are aware of no medical justification or reasonable explanation for such occurrence during the course of a

hysterectomy, and Dr. Scoggins' evidence provides none. He simply asserts a lack of actual knowledge on his part regarding the presence of any suture in the subsequently blocked ureter. Therefore, we hold that, as in this case, where the plaintiffs have alleged the placement of an internal suture during the course of a surgical procedure in an organ or other tissue not ordinarily involved in that procedure[1] and the defendant physician has presented no evidence that the presence of the suture is the result of proper medical procedure, the suture is a "foreign object" under Code Ann. § 3-1103 and the applicable statute of limitation is "one year after such negligent or wrongful act or omission is discovered." The February 8, 1980 operation to remove the kidney is the date on which the discovery occurred. As the Iveys' suits were filed on January 27, 1981, they are within the Code Ann. § 3-1103 one-year statute of limitation. Therefore, the grant of summary judgment based on the defense of statute of limitation was error.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1982 —
REHEARING DENIED OCTOBER 5, 1982 — 

*Charles M. Jones,* for appellants.
*Gould B. Hagler, Duncan D. Wheale,* for appellee.

---

[1] We recognize that a suture placed appropriately and in accordance with recognized medical procedures and techniques may properly be denominated as a "fixation device" so as to be excluded from classification as a "foreign object" under Code Ann. § 3-1103.