75232. RINGEWALD v. CRAWFORD W. LONG MEMORIAL HOSPITAL et al.
(362 SE2d 105)

DEEN, Presiding Judge.

On July 3, 1984, the appellant, Dr. Robert H. Ringewald, underwent quadruple coronary artery bypass surgery at Crawford W. Long Memorial Hospital. Later that same day, a second operation was necessary to remove a "bulldog clamp" that the operating physician inadvertently left in Ringewald's chest cavity.

On July 1, 1986, within two years of the surgery but over one year from the date he discovered that the "bulldog clamp" had been left in his chest, Ringewald commenced this action against the operating physician and the hospital, and others associated with the operation. The trial court granted summary judgment for the defendants, finding that Ringewald's action was barred by the one-year statute of limitations contained in OCGA § 9-3-72. *Held*:

1. OCGA § 9-3-72 provides that the general two-year limitation period for medical malpractice actions "shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered. For purposes of this Code section, the term 'foreign object' shall not include a chemical compound, fixation device, or prosthetic aid or device." Unfortunately for the appellant, there is nothing ambiguous about the statute's requirement that the action must be brought within one year of the discovery of the foreign object, regardless of whether this has the effect of extending or diminishing the general limitation period for a medical malpractice action.

Whether an object constitutes a "fixation device," thus rendering OCGA § 9-3-72 inapplicable, must depend upon the purpose and use of that object. See, for example, *Shannon v. Thornton*, 155 Ga. App. 670 (272 SE2d 535) (1980). In this case, the "bulldog clamp" was a type of arterial clamp used during the bypass operation to occlude the vein graft temporarily, and which was to be removed upon completion of the operation. With that purpose and use, the "bulldog clamp" did not constitute a fixation device for purposes of this statute.

2. The appellees' motion to impose a penalty upon the appellant for filing a frivolous appeal, pursuant to this court's Rule 26 (b), is denied.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 5, 1987 —
REHEARING DENIED OCTOBER 19, 1987 —

*Steven J. Misner, Richard P. Lindsey,* for appellant.
*Dennis A. Elisco, Lance D. Lourie, J. M. Hudgins IV, Hunter S. Allen, Jr.,* for appellees.