45182. RINGEWALD v. CRAWFORD W. LONG MEMORIAL HOSPITAL et al.

(368 SE2d 490)

HUNT, Justice.

After a bulldog clamp was left in his chest during quadruple bypass surgery on July 3, 1984, Dr. Robert H. Ringewald underwent a second operation that same day to remove the clamp. Dr. Ringewald alleges that the negligence of forgetting the clamp ultimately led to his suffering several complications arising from the second operation.

Dr. Ringewald filed his claim on July 1, 1986, within two years of the surgery, thereby complying with OCGA § 9-3-71:

> Except as otherwise provided in this article, an action for medical malpractice shall be brought within *two years* after the date on which the negligent or wrongful act or omission occurred. [Emphasis supplied.]

However, his claim, filed more than one year from the date the clamp was discovered, fell outside the statute of limitations provided by OCGA § 9-3-72:

> The limitations of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within *one year* after the negligent or wrongful act or omission is discovered. For the purposes of this Code Section, the term "foreign object" shall not include a chemical compound, fixation device,

or prosthetic aid or device. [Emphasis supplied.][1]

The defendants associated with the operation were granted summary judgment based on the foreign object statute of limitation, and that judgment was affirmed by the Court of Appeals. *Ringewald v. Crawford W. Long Memorial Hosp.*, 184 Ga. App. 569 (362 SE2d 105) (1987). We granted certiorari to determine the effect of the one-year foreign object statute upon the two-year statute of limitations for medical malpractice.

1. Dr. Ringewald contends that OCGA § 9-3-72 should be interpreted not to reduce the general two-year limit, but to expand it by providing in all foreign object cases, a one-year extension from the date of discovery.[2]

Nevertheless, we must agree with the Court of Appeals that

there is nothing ambiguous about the statute's requirement that the action must be brought within one year of the discovery of the foreign object, regardless of whether this has the effect of extending or diminishing the general limitation period for a medical malpractice action.

*Ringewald v. Crawford W. Long Memorial Hosp.*, supra, 184 Ga. App. at 569.

The point is plain: OCGA § 9-3-71 simply does not apply to the negligence contemplated by OCGA § 9-3-72. When a statute

is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.

*Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

Thus, in a foreign object claim, the patient has one year following discovery of the foreign object to bring his complaint, no matter whether the date of discovery is within or beyond the limitation period provided by OCGA § 9-3-71.

---

[1] OCGA § 9-3-72 was not changed at the time of the 1985 amendment to OCGA § 9-3-71 (which added a statute of repose) even though our Court of Appeals in *Hambrick v. Ray*, 171 Ga. App. 60 (318 SE2d 790) (1984), applied the foreign object exception as we do here. Presumably, OCGA § 9-3-72 would also have been changed had the General Assembly disagreed with this interpretation.

[2] There would, of course, be instances where the provisions of OCGA § 9-3-72 would extend the time for filing a complaint beyond the ordinary two-year statute, but this is not one of them.

For example, in *Ivey v. Scoggins*, 163 Ga. App. 741 (295 SE2d 164) (1982), the discovery of the foreign object was more than six years after the operation. There, the Court of Appeals, applying the foreign object exception, reversed the grant of summary judgment based on the two-year statute.

2. Dr. Ringewald also argues that a bulldog clamp is a fixation device, i.e., something not considered a foreign object under OCGA § 9-3-72 and therefore excluded from its provisions. Sutures, pins, plates and dental bridges would, for example, ordinarily be considered fixation devices; they are intended to remain within the body after surgery to serve a medical purpose. A bulldog clamp, on the other hand, is an arterial clamp used during surgery to occlude the vein graft temporarily, and it is undisputed that it ought to be removed at the conclusion of the operation. Hence, a bulldog clamp unintentionally left in the body following surgery is a "foreign object." See for example *Shannon v. Thornton*, 155 Ga. App. 670 (272 SE2d 535) (1980).

Because the bulldog clamp, as used in this case, was a foreign object, and because the complaint was filed more than one year after its discovery, Dr. Ringewald's complaint was time barred. The Court of Appeals correctly affirmed the trial court's grant of summary judgment to the parties defendant.

*Judgment affirmed. All the Justices concur, except Clarke, P. J., Smith and Weltner, JJ., who dissent as to Division 1 and the judgment.*

CLARKE, Presiding Justice, dissenting.

I disagree with the majority and respectfully dissent as to Division 1. The statutory construction applied by the majority fails to preserve the orderliness of the legislative scheme in my view. The special concurrence in *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 137 (337 SE2d 327) (1985), enumerates four principal methods of statutory construction:

The literal method simply dictates that we not depart from the plain meaning of the language of the statute. The golden rule method would direct that we follow the literal method unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else. The sound law approach is for the appellate court to make sense out of the statute but to be faithful to the legislative intent. Under this method, consideration should be given to the purpose of the statute in trying to make it at home with the whole body of the law. The standard old rule method is sometimes called the "mischief rule." Here the appellate court seeks to find the law as it existed before the statute was passed and then identify the mischief sought to be corrected, the idea being that this would lead to the legislative intent and would protect the law as a seamless web.

The majority applies the literal method, but I believe this statute fits the mold of those requiring review under the standard old rule. The law as it existed before the enactment of OCGA § 9-3-72 imposed a two-year statute of limitations. OCGA § 9-3-53. When the legislature enacted OCGA § 9-3-72, it allowed a one-year period after discovery for the filing of an action and in doing so signaled its recognition of a mischief needing correction. That mischief was the injustice of a claim being barred before its existence became known to the injured party. To say that OCGA § 9-3-72 shortens the limitation period provided for in OCGA § 9-3-71 renders the latter statute ineffectual as to cases involving foreign objects left in a patient's body. This holding, in my view, also brings into play the golden rule method of statutory construction because "it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else."

I believe the curative statute serves a purpose and that that purpose is to insure that a claim not be barred within an unjust period. I further believe the legislature never intended the statute to shorten the time within which a cause of action may be asserted. For this reason, I must dissent.

I am authorized to state that Justice Smith and Justice Weltner join in this dissent.

DECIDED MAY 27, 1988 —
RECONSIDERATION DENIED JUNE 14, 1988.

*Greene, Buckley, DeRieux & Jones, Steven J. Misner, Richard P. Lindsey,* for appellant.

*Allen & Ballard, Hunter S. Allen, Jr., Dennis A. Elisco, Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Stephen H. Sparwath,* for appellees.