A89A1982. WHIDDON v. SPIVEY.
(391 SE2d 421)

McMURRAY, Presiding Judge.

This is a medical malpractice action in which summary judgment was awarded to defendant physician on the ground that the statute of limitation expired before plaintiff filed suit.

Because plaintiff's leg had been fractured in an automobile accident, defendant, an orthopedic surgeon, performed a surgical procedure known as open reduction, internal fixation, right lateral tibial plateau, upon plaintiff on May 29, 1985. In performing the procedure, defendant inserted a 16 mm. threaded screw and washer in plaintiff's leg. This device was inserted to hold bone fragments in a fixed position during the healing process.

Thereafter, on December 8, 1986, defendant performed a second

surgical procedure to remove the screw from plaintiff's leg. The washer was not removed at that time.

Because the pain in her leg continued, plaintiff went to a second physician and learned that the washer was still in her leg. Subsequently, on July 8, 1987, the washer was excised by the second physician.

Over one year later, on December 1, 1988, plaintiff brought this medical malpractice action. Defendant answered, asserting, inter alia, a statute of limitation defense. Thereafter, defendant moved for summary judgment asserting the action was barred by the one-year limitation statute pertaining to a "foreign object." See OCGA § 9-3-72.

In support of his summary judgment motion, defendant submitted an affidavit wherein he deposed, in part: "At the time of the May 29, 1985, surgery, the screw inserted with the washer in place constituted a 'fixation device.' The screw actually holds in a fixed position the bone or the pieces of the bone fragments, and the purpose of the washer is to keep the screw from being drilled or working itself too far into the bone. The washer is external to the bone although the screw is inserted through or into the bone holding the bone pieces together in a fixed position. After the fracture of the plaintiff . . . healed, on December 8, 1986, I performed a surgical operation that involved: (1) arthroscopic exam of the right knee, (2) lateral retinacular release of the right knee, and (3) removal of the screw in the right proximal tibial. As part of that surgery, I removed the screw in the right proximal tibial, but decided, exercising the degree of care and skill exercised in the medical profession in general under the same or similar circumstances, not to perform the additional surgical exploration and dissection needed for the removal of the washer. I reasonably made a medical judgment during surgery that the presence of the washer, which was no longer acting as a fixation device after the screw was removed and was no longer putting any pressure on the knee, should not cause plaintiff any problem, and there were advantages to not doing the additional surgical exploration and dissection necessary to remove the washer. . . ."

The trial court granted defendant's motion for summary judgment and plaintiff appealed. *Held*:

OCGA § 9-3-72 provides: "The limitations of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered. For the purposes of this Code section, the term 'foreign object' shall not include a chemical compound, fixation device, or prosthetic aid or device." Interpreting this Code section, the Supreme Court of Georgia ruled that "in a foreign object claim, the patient has one year following discovery of the foreign object to bring his complaint, no matter

whether the date of discovery is within or beyond the limitation period provided by OCGA § 9-3-71." *Ringewald v. Crawford W. Long Mem. Hosp.*, 258 Ga. 302, 303 (368 SE2d 490). Thus, in the case sub judice, plaintiff's claim is barred if it is deemed a "foreign object" claim even though the action was filed within two years of the second surgical procedure in which the screw, but not the washer, was removed. *Ringewald v. Crawford W. Long Mem. Hosp.*, supra. Is plaintiff's claim a "foreign object" claim?

In *Ivey v. Scoggins*, 163 Ga. App. 741 (295 SE2d 164), this Court decided that a suture placed and left in a ureter during surgery was a "foreign object" and the applicable statute of limitation is one year after discovery of the act. In so deciding, this Court ruled: "Dr. Scoggins performed a hysterectomy upon Mrs. Ivey who has alleged that he negligently sutured the ureter leading to her left kidney. *We are aware of no medical justification or reasonable explanation for such occurrence during the course of a hysterectomy, and Dr. Scoggins' evidence provides none.* He simply asserts a lack of actual knowledge on his part regarding the presence of any suture in the subsequently blocked ureter. Therefore, we hold that, as in this case, where the plaintiffs have alleged the placement of an internal suture during the course of a surgical procedure in an organ or other tissue not ordinarily involved in that procedure and the defendant physician has presented no evidence that the presence of the suture is the result of proper medical procedure, the suture is a 'foreign object'. . . ." Id. at 743. (Emphasis supplied.) Our holding in that regard was based on the rationale of *Dalbey v. Banks*, 245 Ga. 162 (264 SE2d 4), wherein the Supreme Court held that the "foreign object" statute of limitation refers "to objects placed in the patient's body during some medical procedure in such a fashion that the physician may be charged with knowledge that the object is lodged there. Where a physician places a foreign object in his patient's body during treatment, he has actual knowledge of its presence. His failure to remove it goes beyond ordinary negligence so as to be classified by the legislature as a continuing tort which tolls the statute of limitations until the object is discovered. *The purpose of the legislature in making a distinction between the two types of medical malpractice was to allow the plaintiff's claim which does not rest on professional diagnostic judgment or discretion to survive until actual discovery of the wrongdoing.*" (Emphasis supplied.) *Dalbey v. Banks*, 245 Ga. 162, 163, 164, supra.

In the case sub judice, unlike the defendant in *Ivey v. Scoggins*, 163 Ga. App. 741, supra, defendant did not simply leave an object in his patient's body. Rather, defendant made a conscious decision in the exercise of his professional judgment to leave the washer in plaintiff's leg. Thus, plaintiff's claim rests on defendant's professional diagnostic judgment or discretion and the two-year statute of limitation

found in OCGA § 9-3-71 applies. The trial court erred in ruling otherwise.

*Judgment reversed. Carley, C. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Deen, P. J., Banke, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

Plaintiff's claim is that it was negligent to leave the washer in her leg when the surgeon took the screw out. It is undisputed that screw and washer constituted a fixation device. Plaintiff's position is that the washer should also have been removed at the same time because it was no longer functioning as a fixation device, when the screw was removed, and it was no longer needed for that or any other purpose; it ceased performing a beneficial purpose in her leg and instead was detrimental. She had it surgically removed. Defendant agrees with all except the allegation that due care required the washer's removal.

Since there is no dispute that the object introduced into plaintiff's leg ceased functioning as part of a fixation device at the time the negligent act is alleged to have occurred, it became a "foreign object" as that term is contemplated in the law, and OCGA § 9-3-72 applies.

The medical opinion of the patient's expert that the washer was a fixation device even after removal of the screw does not squeeze into the exception to the "Foreign objects left in the body" provision of the Code, as the very foundation gist of her claim is that it became a foreign object, legally speaking; without proving that it was such and that care meeting medical standards required its removal, she could not prevail. The defense that it was not a "foreign object" in the sense that it indisputedly had to be removed, such as in *Ringewald v. Crawford W. Long Mem. Hosp.*, 258 Ga. 302 (368 SE2d 490) (1988), does not extract the claim from OCGA § 9-3-72. That is, it is a claim falling within that Code section despite the fact that the primary issue is whether it was negligent to leave the object in. That issue does not change the nature of the object. The term "foreign object" does not have a legislated definition and thus, under the rules of construction, must be given its common meaning. *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 600 (4) (327 SE2d 736) (1985). See *Collins v. Intl. Indem. Co.*, 256 Ga. 493, 495 (349 SE2d 697) (1986), for an application of the rule.

Action against the doctor who left it must be filed within one year of the time the patient discovered its presence when the claim is that due medical care required its absence. This follows from the rationale employed in *Dalbey v. Banks*, 245 Ga. 162 (264 SE2d 4) (1980), *Ringewald*, supra, and *Ivey v. Scoggins*, 163 Ga. App. 741 (2) (295 SE2d 164) (1982). *Dalbey* makes the distinction between hidden objects in the body, such as the glass in Banks' hand the doctor was

unaware of, which are governed by the two-year statute, and objects placed in the body by the doctor with knowledge, which are governed by the one-year statute. In Widdon's case, as in *Ringewald*, the object at first served a valid medical purpose in the patient's body, but when it ceased performing such, it became a foreign object subject to suit revolving around whether it was negligent to leave it in.

Plaintiff discovered the washer had been left in her leg not later than the date of its removal on July 8, 1987. The action filed December 1, 1988, was beyond the time provided by law. OCGA § 9-3-72. The fact that the one-year limit expired before the otherwise applicable two-year limit of OCGA § 9-3-71 does not change the result. *Ringewald*, supra.

I am authorized to state that Presiding Judge Deen and Presiding Judge Banke join in this dissent.

DECIDED FEBRUARY 7, 1990 —
REHEARING DENIED FEBRUARY 21, 1990 — ▬▬▬▬▬

*Taylor & Harp, J. Sherrod Taylor, Jefferson C. Callier*, for appellant.

*Jones, Cork & Miller, Thomas C. Alexander, Brandon A. Oren*, for appellee.