## S90G0770. SPIVEY v. WHIDDON.
(397 SE2d 117)

BELL, Justice.

The main issue in this case is whether the suit of the plaintiff, Mary Whiddon, for medical malpractice is barred by OCGA § 9-3-72. OCGA § 9-3-72 is a statute of limitation for medical-malpractice actions that are based on foreign objects having been left in patients' bodies. We find that § 9-3-72 does not bar Whiddon's action.

After Whiddon's leg was injured in a car accident, the defendant, Dr. J. W. Spivey, Jr., inserted a screw and washer in her leg to hold bone fragments in a fixed position while the leg healed. Dr. Spivey subsequently removed the screw from the leg, but left the washer in place. When Whiddon continued to have pain, she consulted a second physician, from whom she learned that the washer was still in her leg. The second physician removed the washer, and Whiddon then sued Dr. Spivey for medical malpractice. She filed suit more than one year after the washer was removed, and less than two years after Dr. Spivey removed the screw and left the washer in her leg.

Dr. Spivey moved for summary judgment on the ground that the action was barred by the one-year "foreign object" statute of limitation, OCGA § 9-3-72, which provides that

> [t]he limitations of Code Section 9-3-71 [the two-year general medical-malpractice statute of limitation] shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered. For the purposes of this Code section, the term "foreign object" shall not include a chemical compound, fixation device, or prosthetic aid or device.

The two-year general medical-malpractice statute of limitation, OCGA § 9-3-71 (a), provides that

> [e]xcept as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred.

The trial court granted summary judgment, and Whiddon appealed to the Court of Appeals. The Court reversed, holding that the washer was not a "foreign object" for the purposes of § 9-3-72, and that the two-year period of limitation for medical malpractice found in OCGA § 9-3-71 applied to this case. *Whiddon v. Spivey*, 194 Ga. App. 587, 589-590 (391 SE2d 421) (1990). Dr. Spivey petitioned for a writ of certiorari, which this Court granted. We now affirm the judg-

ment of the Court of Appeals, but not upon the grounds relied on by the Court of Appeals. The result reached by the Court of Appeals was based on its conclusion that Whiddon would be precluded from enjoying the two-year period of § 9-3-71 if the washer were a "foreign object" within the meaning of § 9-3-72. *Whiddon*, supra, 194 Ga. App. at 588-589. We conclude that Whiddon is entitled to the two years of § 9-3-71 regardless of whether the washer was a foreign object, and that hence there is no need to ascertain the nature of the washer.

Before the Court of Appeals determined whether the washer was a foreign object, the Court first addressed whether the two-year statute, § 9-3-71, was applicable to foreign-object claims. Relying on the first division of this Court's opinion in *Ringewald v. Crawford W. Long Mem. Hosp.*, 258 Ga. 302, 303 (1) (368 SE2d 490) (1988), the Court of Appeals concluded that § 9-3-71 did not apply to foreign-object claims. *Whiddon*, supra, 194 Ga. App. at 588-589. In *Ringewald* this Court considered what effect the one-year statute, § 9-3-72, was intended to have on the general two-year limit of § 9-3-71. *Ringewald* at 303. We held that

> OCGA § 9-3-71 simply does not apply to the negligence contemplated by OCGA § 9-3-72. . . .
>
> [I]n a foreign object claim, the patient has one year following discovery of the foreign object to bring his complaint, no matter whether the date of discovery is within or beyond the limitation period provided by OCGA § 9-3-71. [*Ringewald* at 303.]

Applying this holding of *Ringewald* to the present case, the Court of Appeals concluded that

> in the case sub judice, plaintiff's claim is barred if it is deemed a "foreign object" claim even though the action was filed within two years of the second surgical procedure in which the screw, but not the washer, was removed. . . . [*Whiddon*, supra, 194 Ga. App. at 589.]

The Court then proceeded to decide whether Whiddon's claim was a "foreign object" claim.

We do not disagree with the Court's application of our holding in the first division of *Ringewald*. However, after further consideration of the *Ringewald* holding, we have decided to overrule it. Chief Justice Clarke (then Presiding Justice) wrote a well-reasoned dissent to the opinion of this Court in *Ringewald* that we now find states the better view of the proper relationship between §§ 9-3-71 and 9-3-72:

> The statutory construction applied by the majority fails to

preserve the orderliness of the legislative scheme. . . .

The law as it existed before the enactment of OCGA § 9-3-72 imposed a two-year statute of limitations. OCGA § 9-3-[71]. When the legislature enacted OCGA § 9-3-72, it allowed a one-year period after discovery for the filing of an action and in doing so signaled its recognition of a mischief needing correction. That mischief was the injustice of a claim being barred before its existence became known to the injured party. To say that OCGA § 9-3-72 shortens the limitation period provided for in OCGA § 9-3-71 renders the latter statute ineffectual as to cases involving foreign objects left in a patient's body. This holding . . . also . . . "produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else."

[T]he curative statute serves a purpose and that . . . purpose is to insure that a claim not be barred within an unjust period. . . . [T]he legislature never intended the statute to shorten the time within which a cause of action may be asserted. [258 Ga. at 304-305.]

We hereby adopt Chief Justice Clarke's *Ringewald* dissent as the correct interpretation of the relationship between §§ 9-3-71 and 9-3-72, and overrule the holding of this Court in the first division of *Ringewald*.

In the present case, the consequence of our adoption of the *Ringewald* dissent is that Whiddon's suit must be found timely regardless of whether the washer was a "foreign object." The question of the nature of the washer is thereby removed as a dispositive issue from this case, and we pretermit any consideration of it.[1]

*Judgment affirmed. All the Justices concur, except Hunt and Fletcher, JJ., who dissent.*

HUNT, Justice, dissenting.

In *Ringewald v. Crawford W. Long Mem. Hosp.*, 258 Ga. 302 (368 SE2d 490) (1988), this court, in a four-three decision concurred in by the author of the present majority opinion, held that OCGA § 9-3-72, established a separate statute of limitation "where a foreign object has been left in a patient's body" of "one year after the negligent or wrongful act or omission is discovered," regardless of the two-year

---

[1] This opinion should not be construed as intimating any approval or disapproval of the Court of Appeals' application of the term "foreign object." However, because the term has proven to be ambiguous, we invite the General Assembly to amend § 9-3-72 by further defining the term.

general medical malpractice limitation. In so ruling, the *Ringewald* majority relied both on the plain language of the statute and on the fact that the legislature did not amend OCGA § 9-3-72 when it amended OCGA § 9-3-71 to add a statute of repose, even though the General Assembly was presumably aware of a similar interpretation of this Code section by the Court of Appeals in *Hamrick v. Ray*, 171 Ga. App. 60 (318 SE2d 790) (1984). Since *Ringewald* was decided, the legislature has convened two more times and has not seen fit to amend this Code section, even though in 1989, it added new provisions tolling the statute of limitation. Ga. L. 1989, p. 419. Thus nothing has changed, and the legislative intent as perceived by this court in *Ringewald* has, in effect, been ratified by that body.[2] Conversely, the reasoning of the dissent in *Ringewald* has not achieved legislative sanction. Nonetheless, that reasoning — as clear and articulate two years ago as it is today — has been adopted by this majority. Perhaps the doctrine of stare decisis is no longer in vogue, but is it not unsettling to the practicing bar to recognize the willingness of this court to alter its interpretation of a statute as subsequent cases arise?

We granted certiorari to the Court of Appeals to determine whether a majority of that court correctly decided whether a washer, intentionally left in the body by the surgeon, was a foreign object. That was the only issue briefed and argued. I would reach that issue, and I would not overrule *Ringewald*. Therefore, I respectfully dissent.

I am authorized to state that Justice Fletcher joins in this dissent.

DECIDED OCTOBER 24, 1990 —
RECONSIDERATION DENIED NOVEMBER 7, 1990.

*Jones, Cork & Miller, Thomas C. Alexander, Brandon A. Oren,* for appellant.

*Taylor & Harp, J. Sherrod Taylor, J. Anderson Harp, Jefferson C. Callier, Brinkley & Brinkley, Jack T. Brinkley, Sr.,* for appellee.

---

[2] That the General Assembly has the authority to trim to one year the time within which a claim involving a foreign object may be asserted is unchallenged. The wisdom of the reduction may be debated but the fact that it creates no undue burden or unfairness should be obvious.