## 35369. KIPLINGER et al. v. OLIVER.

HALL, Justice.

The appellants sued the appellee in the State Court of DeKalb County on a note. The appellee filed pleadings to the merits (answer and motion to dismiss for failure to state a claim). There was no appearance at trial and a default judgment was entered. The trial court set aside the judgment on the ground that appellee was not notified of the date of the trial. At the second trial, appellee again did not appear, and a second default judgment was entered. The trial court set aside the second default judgment on the ground that appellee had a new attorney and his name had not been published in the notice of the trial date. The case came to trial for the third time. After the appellants had presented their case, the suit was dismissed on motion of the appellee based upon the ground that there was a defect in service of process (served at his place of employment by leaving copy with another individual). On appeal, the Court of Appeals reversed the judgment of the trial court with direction that the trial court enter judgment for the appellants based upon the second default judgment listed above. *Kiplinger v. Oliver,* 149 Ga. App. 103 (253 SE2d 569) (1979). Appellee then filed a suit in equity in the Superior Court of DeKalb County to set aside the judgment of the State Court of DeKalb County, which had been entered upon a direction and judgment of the Court of Appeals of Georgia, on the

ground that there was no jurisdiction over the appellant because of the manner in which the process was served. The superior court granted the equitable relief by setting aside the judgment. We reverse.

By pleading to the merits of the case and not raising any defense of lack of jurisdiction of the person (defective process) or improper venue, the appellee waived any objection he may have had under the CPA. Code Ann. § 81A-112 (h) (1); *Tanis v. Tanis,* 240 Ga. 718 (242 SE2d 71) (1978); *Wilkie v. Wilkie,* 240 Ga. 287 (240 SE2d 84) (1977); *Moody v. Mendenhall,* 238 Ga. 689 (234 SE2d 905) (1977); *Hopkins v. Hopkins,* 237 Ga. 845 (229 SE2d 751) (1976). The state trial court, therefore, had personal jurisdiction of the appellee and authority to enter a default judgment against him. Because the default judgment was validly entered, the superior court erred in setting it aside.

*Judgment reversed. All the Justices concur.*

Submitted September 7, 1979 — Decided October 23, 1979.

*Stringfellow & Moran, Henry R. Stringfellow,* for appellants.

*Lynwood A. Maddox,* for appellee.