68305. HAMRICK et al. v. RAY.

BIRDSONG, Judge.

This appeal is from the trial court's denial of the motion for summary judgment of appellant/dentist in this dental malpractice action. Both the dentist and his professional corporation are denominated as appellants in this case. We granted appellants' petition for interlocutory appeal to consider whether they are entitled to summary judgment by virtue of the one-year statute of limitation contained in OCGA § 9-3-72 applicable to foreign objects left in a patient's body.

On May 19, 1981, Dr. Hamrick performed a root canal on appellee. During the procedure, the tip of a drill bit broke and remained lodged in the root canal on which Dr. Hamrick was working. According to the evidence contained in the record, which primarily consists of appellee's deposition testimony, Dr. Hamrick did not inform appellee of the presence of the drill bit at that time. Instead, appellee again visited Dr. Hamrick for persistent pain in late May or early June 1981. Appellee's testimony is that on the second visit Dr. Hamrick removed a temporary filling and a medicine pellet and cut a fissure in her gum to allow an infection in the root canal to drain. She was again not informed of the presence of the drill bit. Appellee revisited Dr. Hamrick in late June or early July 1981. At this time, she was informed that her tooth would have to be removed because of persistent infection that could not be alleviated due to the presence of the drill bit. She testified that she was specifically informed that the drill bit had broken off during the root canal procedure and could not be removed without removal of the tooth. She then sought a second opinion and received treatment, without removal of the tooth, from another dentist. This lawsuit was filed May 17, 1983.

At this point in the case, there remain very few factual disputes. Dr. Hamrick admits that the drill bit broke off and was lodged in

appellee's root canal during the May 19 procedure. Appellee does not dispute Dr. Hamrick's statement that the drill bit is not "a chemical compound, fixation device, or prosthetic aid or device," i.e., that it is a foreign object according to OCGA § 9-3-72. Appellee also does not dispute that she was informed by late June or early July 1981, of the presence of the drill bit, and Dr. Hamrick does not assert that she was informed of the presence of the drill bit prior to her visit to him on June 29, 1981. The record contains no competent evidence relating to the standard of care employed by dentists generally in situations such as that involved in the present case.

The complaint alleges that Dr. Hamrick was negligent in allowing the drill bit to break off and become lodged in appellee's tooth and in failing immediately to inform appellee of the presence of the drill bit. The complaint also alleges that Dr. Hamrick's post-operative treatment of appellee as well as his failure to adopt an alternative procedure for correcting the problem created by the drill bit constituted negligence.

The trial court concluded that OCGA § 9-3-72 did not apply to this case because the action was filed within two years of the alleged acts of negligence. See OCGA § 9-3-71. The trial court also concluded that the record contained "specified acts of negligence other than simply leaving a broken drill bit embedded in the plaintiff's tooth." Accordingly, the trial court denied appellants' motion for summary judgment based upon the one-year statute of limitation contained in OCGA § 9-3-72. *Held*:

1. The trial court clearly erred in denying appellants' motion for summary judgment as to liability for the alleged negligent act of embedding a drill bit in appellee's tooth. OCGA § 9-3-72 provides: "The two-year limitation of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered. For purposes of this Code section, the term 'foreign object' shall not include a chemical compound, fixation device, or prosthetic aid or device." OCGA § 9-3-71 provides: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred."

"Where a physician places a foreign object in his patient's body . . . he has actual knowledge of its presence. His failure to remove it goes beyond ordinary negligence so as to be classified by the legislature [in OCGA § 9-3-72] as a continuing tort which tolls the statute of limitations until the object is discovered. The purpose of the legislature in making a distinction between the two types of medical malpractice was to allow the plaintiff's claim which does not rest on professional diagnostic judgment or discretion to survive until actual

discovery of the wrongdoing." *Dalbey v. Banks*, 245 Ga. 162, 163-164 (264 SE2d 4). It is clear that OCGA § 9-3-72, and not OCGA § 9-3-71, is applicable to any action based upon an act of malpractice involving the placing of a foreign object in a patient's body. See *Ivey v. Scoggins*, 163 Ga. App. 741 (295 SE2d 164). Inasmuch as this action was filed in excess of one year after appellee's admitted discovery of the presence of the drill bit, appellants can incur no liability arising from the alleged negligent act of embedding the drill bit in appellee's tooth.

2. Appellee contends that the application of a one-year statute of limitation to malpractice cases involving foreign objects and the application of a two-year statute of limitation to other medical malpractice cases involves a denial of equal protection. This argument was addressed and rejected by the Supreme Court in *Allrid v. Emory Univ.*, 249 Ga. 35, 38 (285 SE2d 521). Consequently, this contention by appellee is without merit.

3. We also reject appellee's contention that Dr. Hamrick's failure to inform her of the presence of the drill bit until several weeks after the root canal procedure constituted a separate act of malpractice not subject to OCGA § 9-3-72. Pursuant to OCGA § 9-3-72, the failure to inform a patient of the presence of a foreign object left by the physician merely tolls the one-year statute of limitation until the time at which the patient discovers the presence of the object. The failure to inform the patient of the presence of the object in this context does not constitute a separate act of malpractice. A contrary holding would emasculate OCGA § 9-3-72 and render it inapplicable to the cases for which it was specifically designed, i.e., those cases in which the patient is not informed of the presence of the object until sometime after the act of malpractice giving rise to the claim.

4. We agree, however, with the trial court's contention that the complaint sets forth actionable negligence on the part of Dr. Hamrick separate from his embedding the drill bit in appellee's tooth and not subject to OCGA § 9-3-72. The complaint alleges that Dr. Hamrick committed additional negligent acts in his follow-up treatment of appellee. As previously stated, the record contains no competent evidence relating to the professional standard for such treatment.

Appellants state in their brief that it is clear that all of appellee's claims arise from the alleged professional negligence of Dr. Hamrick in allowing the drill bit to become lodged in appellee's tooth. However, the complaint clearly alleges separate acts of negligence in Dr. Hamrick's follow-up care and treatment of appellee's tooth. The record contains no evidence piercing appellee's allegations that appellee sustained additional injury proximately resulting from negligence in this follow-up treatment. In undertaking the subsequent remedial professional services, Dr. Hamrick stood in a position similar to that

of the physician in *Dalbey*, supra. In *Dalbey*, the Supreme Court noted that a malpractice action arising from a physician's failure to treat properly a patient for an object already embedded in his body is subject to the general two-year statute of limitation. Unquestionably, if another dentist had negligently treated appellee's condition after Dr. Hamrick had embedded the drill bit in appellee's tooth, and if damage had proximately resulted from the subsequent treatment, the second dentist's malpractice would have given rise to an additional cause of action subject to the two-year limitation period. *Dalbey*, supra, p. 164. We find no reason in law or logic to treat differently any negligence by Dr. Hamrick in connection with his independent, follow-up professional services. Accordingly, the trial court properly denied appellants' motion for summary judgment as to these allegations of the complaint.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 22, 1984.

*Robert G. Tanner, Henry D. Green, Jr.*, for appellants.
*Felix C. Moring*, for appellee.