## 74383. KARAFOTIAS v. COYNE.

### (361 SE2d 514)

Pope, Judge.

This appeal is from the trial court's denial of appellant/dentist's motion for summary judgment in this dental malpractice action. We granted appellant's petition for interlocutory appeal to consider whether she is entitled to summary judgment by virtue of the one-year statute of limitation contained in OCGA § 9-3-72 applicable to foreign objects left in a patient's body.[1]

On January 11, 1984 appellant performed a root canal on appellee. During the course of this procedure a file broke off in appellee's tooth. Appellant attempted to cure the problem and directed appellee to contact her the next day if the problem persisted. Appellee returned to appellant's office the next day where appellant "took care of [him], said everything was fine," and told him she had gotten the file out of the tooth. After a while the pain returned and in September of 1984 appellee consulted a different dentist who discovered that the file was still embedded in the tooth and so informed appellee. Appellee instituted this lawsuit on April 11, 1986.

The trial court found a question of fact as to whether fraud had been perpetrated on appellee by appellant's representation that all the file had been removed from his tooth. The court found: "If fraud in fact existed, as determined by the trier of fact, the statute of limitation under OCGA § 9-3-96 would commence to run on that date and this action would be timely filed and OCGA § 9-3-72 dealing with foreign bodies would be inapplicable." *Held*:

The trial court's order implies the existence of a separate cause of action for fraud, yet the complaint in this case alleges only a malpractice claim based upon negligence. Further, the only evidence of fraud of record relates to the tolling of the statute of limitation (OCGA § 9-3-96) and not to a separate cause of action. See generally *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980); see also *Piedmont Pharmacy v. Patmore*, 144 Ga. App. 160 (3) (240 SE2d 888) (1977). Accordingly, we find no basis for the trial court's holding that this action would be timely filed if fraud were found to exist. We also find erroneous the court's conclusion that OCGA § 9-3-72 would be inapplicable to this case if fraud were established. Rather, the issues in the case at bar are controlled by the holding in *Hamrick v. Ray*, 171 Ga. App. 60 (318 SE2d 790) (1984), which we cite at length:

"The trial court clearly erred in denying [appellant's] motion for

---

[1] The effect, if any, on this case of the 1985 amendment to OCGA §§ 9-3-71 and 9-3-72 (Ga. L. 1985, p. 556, § 3) has not been raised or addressed in this court or the court below and thus provides no basis for our opinion. See in this regard *Stafford v. Quinn*, 183 Ga. App. 227 (358 SE2d 619), revd. __ Ga. __ (Case No. 44760, decided November 19, 1987).

summary judgment as to liability for the alleged negligent act of embedding a [file] in appellee's tooth. OCGA § 9-3-72 provides: 'The [limitation] of Code Section 9-3-71 shall not apply where a foreign object has been left in a patient's body, but in such a case an action shall be brought within one year after the negligent or wrongful act or omission is discovered. For purposes of this Code section, the term "foreign object" shall not include a chemical compound, fixation device, or prosthetic aid or device.' OCGA § 9-3-71 provides: 'Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred.'

" 'Where a physician places a foreign object in his patient's body . . . he has actual knowledge of its presence. His failure to remove it goes beyond ordinary negligence so as to be classified by the legislature (in OCGA § 9-3-72) as a continuing tort which tolls the statute of [limitation] until the object is discovered. The purpose of the legislature in making a distinction between the two types of medical malpractice was to allow the plaintiff's claim which does not rest on professional diagnostic judgment or discretion to survive until actual discovery of the wrongdoing.' *Dalbey v. Banks*, 245 Ga. 162, 163-164 (264 SE2d 4) [(1980)]. It is clear that OCGA § 9-3-72, and not OCGA § 9-3-71, is applicable to any action based upon an act of malpractice involving the placing of a foreign object in a patient's body. See *Ivey v. Scoggins*, 163 Ga. App. 741 (295 SE2d 164) [(1982)]. Inasmuch as this action was filed in excess of one year after appellee's admitted discovery of the presence of the [file, appellant] can incur no liability arising from the alleged negligent act of embedding the [file] in appellee's tooth. . . .

"We also reject appellee's contention that [appellant's alleged fraudulent concealment of the continued presence of the file in appellee's tooth] constituted a separate act of malpractice not subject to OCGA § 9-3-72. Pursuant to OCGA § 9-3-72, the failure to inform a patient of the presence of a foreign object left by the physician merely tolls the one-year statute of limitation until the time at which the patient discovers the presence of the object. [Likewise, fraud by a physician pursuant to OCGA § 9-3-96 which debars or deters a patient from bringing an action merely tolls the one-year statute of limitation of § 9-3-72 until discovery of same.] The failure to inform the patient of the presence of the object in [either] context does not constitute a separate act of malpractice. A contrary holding would emasculate OCGA § 9-3-72 and render it inapplicable to the cases for which it was specifically designed, i.e., those cases in which the patient is not informed of the presence of the object until sometime after the act of malpractice giving rise to the claim." *Hamrick v. Ray*, 171 Ga. App. at 61, 62, supra. The record compels the grant of appel-

lant's motion for summary judgment.
*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987.

*Palmer H. Ansley, David A. Sapp,* for appellant.
*Therese L. Glisson,* for appellee.