## 75999. DAUGHTRY v. COHEN.
### (370 SE2d 18)

BENHAM, Judge.

Daughtry filed a medical malpractice action against Dr. Cohen and others for failing to diagnose and notify Daughtry of the presence of gall stones in her system. Cohen moved to dismiss the suit, claiming that he had not been properly served with process before the statute of limitation had run. The trial court granted the motion, finding that Daughtry did not exercise due diligence in serving Cohen, and thus the statute of limitation barred the action as to him. Daughtry appeals the judgment entered thereon, and we affirm it.

1. Appellant argues that the statute of limitation did not run on March 19, 1986, two years after she was examined by Cohen, but extended to September 1986, two years after her condition was diagnosed by another physician. Based on that premise, she contends that the service on Cohen, which was not perfected until June 3, 1986, was still timely. We cannot accept appellant's contention. Her suit is based on Cohen's alleged failure to diagnose her condition, to review diagnostic test results, and to advise her of her condition at a time when he should have become aware of it. Obviously, he should have become aware of it either at the time of examination, March 19, 1984, or at the time that the ultrasound report became available to him, March 22, 1984. Therefore, the statute of limitation expired no later than March 21, 1986. OCGA § 9-3-71 (a). We see no connection between Cohen's alleged negligence in March and the subsequent diagnosis by an independent physician in September that would justify extending the statute of limitation for that period of time. Under appellant's analysis, Cohen's alleged negligence still continued after September 1984, since he had still not notified her of her condition.

2. In her second and third enumerations of error, Daughtry takes the position that she exercised due diligence in attempting to serve Cohen and that she substantially complied with the requirements of service, relying on *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986), and *Roberts v. Bienert*, 183 Ga. App. 751 (360 SE2d 25) (1987). In *Brim*, the plaintiff made numerous efforts to locate the defendant, whose "location was constantly shifting" between counties in this and other states. This court held that the trial court erred in dismissing the complaint for insufficient service of process in light of the fact situation presented. In *Roberts*, it was held that the plaintiff did not meet the diligence requirement as applied in *Brim*. The *Roberts* court found that even though service was accepted by Bienert's longtime business partner and "apparent agent," who passed the papers on to Bienert but made no attempt to notify the marshal that Bienert had a new place of business, the appellants were not justified in relying on the sheriff's return of service once they received

Bienert's responsive pleading, which raised the defenses of no service, insufficient service, and improper venue.

Our review of the record in the case before us leads us to conclude that the result reached in *Roberts*, not *Brim*, is the appropriate one here. Appellant filed her complaint on March 18, 1986. The Fulton County marshal filed the entry of service regarding Cohen on March 21, stating that service was not perfected because there was no such street address, and that more information regarding the address was needed within 30 days. Appellant received notice of the lack of service on March 25, but did not make an attempt to have appellee served again until April 28, when she attempted service at appellee's office address in Cobb County. Appellee's office manager was served with the papers at that time, and the return of service appellant received on May 1 indicated that fact. Although appellant's counsel states in his affidavit that he "immediately proceeded" to have the clerk of court prepare another "second original" of the summons and complaint, those papers were not delivered to the Cobb County sheriff's department for service until May 29, 1986, one day after appellee filed an answer to the complaint. Appellee's answer was apparently filed in response to the process received by his office manager, and raised the defenses of the statute of limitation, insufficiency of process, and personal jurisdiction. Appellee was finally personally served on June 3, 1986. Appellant gives no reasons for the 30-odd days that intervened between each attempt to perfect service on Cohen, and we find no justification for it in the record. "The burden is on the plaintiff . . . to show diligence in attempting to insure that proper service has been made as quickly as possible. [Cits.]" *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510) (1982). Appellant's assertion that she exercised due diligence is not supported by the record. " ' "The trial court was authorized to exercise its discretion in determining whether under the facts presented to it the delayed service constituted laches so as to warrant dismissal where the statute of limitation had run before the service was belatedly perfected." ' " Id. at 764. Given the facts of this case, we see no abuse of that discretion.

3. In her final enumeration of error, Daughtry argues that Cohen's motion to dismiss should have been denied because he was personally served on June 3, and did not respond to that service or otherwise amend the answer he filed on May 28. She takes the position that his failure to respond a second time should be treated as a waiver, estoppel, or default, but offers no statutory or judicial authority for such a proposition. We consider this argument in light of *Kiplinger v. Oliver*, 244 Ga. 527 (260 SE2d 904) (1979), in which it was reaffirmed that one who pleads to the merits of a case and does not raise any defense of lack of personal jurisdiction, defective process, or improper venue thereby waives any objection he may have had under

the CPA; and in light of OCGA § 9-11-55 (a), which states that a case in which an answer has not been timely filed automatically becomes in default. Conversely, since appellee did file a timely answer to the first copy of appellant's complaint he received, and did raise the proper defenses, he thereby preserved them. It would be unduly burdensome to require that a defendant refile such a responsive pleading once he is properly served, particularly when the improper service was not a result of any deliberate action on his part.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 26, 1988.

*Charles L. Day, Michael C. Ford,* for appellant.
*Sidney F. Wheeler, Jerry L. Gentry, Robert D. Roll,* for appellee.