## 77545. DAY v. BURNETT.
(377 SE2d 734)

BEASLEY, Judge.

Plaintiff Day appeals the grant of defendant Burnett's motion to dismiss the complaint based upon the statute of limitations.

Day's action was filed on May 9, 1986, seeking to recover for personal injuries sustained in an automobile collision on December 5, 1984. Personal service was not obtained at that time and was not perfected until December 29, 1986. This was not within the statutory time. OCGA § 9-3-33. Day's attorney offered as an excuse for the tardy follow-up on service that he was injured in an automobile collision and was absent from work almost the entire month of February of 1986 and that his secretary of twenty-two years was also injured and absent from February 3 to November 10.

Day contends that this presented a factual issue which should have been submitted to a jury rather than decided by the court as a matter of law. Ordinarily, whether a cause of action should be barred by the statute of limitations is a mixed question of law and fact to be decided by a jury. "[B]ut where the facts are undisputed, it is for the Court to determine whether they take the case out of the statute or not." *Martin v. Broach*, 6 Ga. 21 (5) (1849). Accord *Fleming v. Lee*

*Engineering &c. Co.,* 184 Ga. App. 275 (361 SE2d 258) (1987).

"Under OCGA § 9-11-4 (c), where the limitation accrues between the date of filing and the date of service and is more than five days after the filing, whether or not the service relates back is a question for the trial court, which considers the length of the elapsed time and the diligence of the plaintiff." *Ellerbee v. Interstate Contract &c. Corp.,* 183 Ga. App. 828, 830 (2) (b) (360 SE2d 280) (1987). "[T]he correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360) (1975). This court will not intervene in the trial court's exercise of discretion to determine the cause of the delay, "if it is attributable to the plaintiff and the court dismisses the complaint." *Bible v. Hughes,* 146 Ga. App. 769, 770 (2) (247 SE2d 584) (1978).

Under the facts we cannot hold as a matter of law that the trial court abused its discretion by deciding that Day did not exercise due diligence in attempting to perfect timely service on Burnett. *Brumit v. Mull,* 165 Ga. App. 663, 666 (3) (302 SE2d 408) (1983); *Deal v. Rust Engineering Co.,* 169 Ga. App. 60, 61 (1) (311 SE2d 499) (1983).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 23, 1989.

*Charles E. Muskett,* for appellant.
*Albert B. Wallace,* for appellee.