A89A1698. ROBINSON et al. v. STUCK.

(390 SE2d 603)

SOGNIER, Judge.

Inez and A. J. Robinson brought suit against Robert G. Stuck, M.D., alleging claims for medical malpractice, negligence, fraud, and breach of contract arising from wrist surgery performed on Mrs. Robinson in 1983. The trial court granted Stuck's motions to dismiss and for summary judgment, and the Robinsons appeal.

Appellants first filed an action against appellee on February 7, 1985, but dismissed it without prejudice on July 23, 1987. They refiled their suit on January 22, 1988, the second to the last day available for renewal of their action under OCGA § 9-2-61 (a). A Newton County Deputy Sheriff served the summons and complaint in the renewed action at appellee's office on January 29th, but left it with appellee's nurse-receptionist, Mary Bailey, who appellee averred was not authorized to accept service on his behalf. Appellants' counsel testi-

fied by affidavit that he telephoned the court clerk's office and was told that service had been effected. Appellee then filed his answer on February 29, 1988, in which he alleged an affirmative defense of insufficient service. In response, four days later appellants' counsel wrote appellee's counsel and inquired about the reason for assertion of the defense. Appellee responded by filing a motion for summary judgment on the ground that the statute of limitation had expired because of appellants' failure to effect personal service upon appellee. Appellants' counsel testified that upon receiving this motion, he researched the applicable law, obtained a copy of the return of service, talked with the deputy sheriff who had served the pleadings, and on March 24th requested that appellee be personally served. Appellee did receive personal service on March 29, 1988, 67 days after the renewal action was filed. The trial court found that appellants had not been diligent in their efforts to obtain service and accordingly granted summary judgment to appellee.

1. Appellants contend the trial judge abused his discretion by concluding that they did not diligently pursue service because any errors or delays were attributable to errors by the deputy sheriff and the court clerk, not to appellants.

When, as in the case at bar, the statute of limitation expires before service is perfected, the eventual service of process tolls the running of the statute of limitation only if the plaintiff exercised reasonable diligence to perfect service. *Varricchio v. Johnson*, 188 Ga. App. 144, 145 (372 SE2d 455) (1988). Under such circumstances, if the date of service is more than five days after the filing of the complaint (see OCGA § 9-11-4 (c)), " 'whether or not the service relates back is a question for the trial court, which considers the length of the elapsed time and the diligence of the plaintiff.' [Cit.] '(T)he correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to [e]nsure that a proper service was made as quickly as possible.' [Cit.]" *Day v. Burnett*, 189 Ga. App. 905, 906 (377 SE2d 734) (1989).

We find the factual setting in the instant case analogous to that in *Roberts v. Bienert*, 183 Ga. App. 751 (1) (360 SE2d 25) (1987) and *Daughtry v. Cohen*, 187 Ga. App. 253 (370 SE2d 18) (1988), wherein this court found in each circumstance that the trial court had not abused its discretion by finding a lack of diligence in effecting service. As in *Roberts*, even if appellants initially were justified in relying on the court clerk's statement that appellee had been served, their receipt of appellee's answer "should have put them on notice and inspired them, through counsel, to exercise the greatest possible diligence to ensure proper and timely service." Id. at 752. Given that appellants had appellee's correct address and were informed that the apparent agent who had accepted service was not authorized to do so,

their assertions that any delay was attributable to court personnel does not explain their 29-day delay in effecting service after appellee filed his answer. Consequently, we find the trial court did not abuse its discretion by determining that appellants did not exercise due diligence so as to toll the statute of limitation. See *Daughtry*, supra at 254 (2).

2. Our decision in Division 1 renders moot appellants' remaining enumerations of error.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1990 —
REHEARING DENIED JANUARY 24, 1990 — 

*Terrence L. Croft*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Stephen H. Sparwath*, for appellee.