A91A0139. SURGERY ASSOCIATES, P.C. et al. v. KEARBY.
(405 SE2d 723)

BIRDSONG, Presiding Judge.

Pursuant to our grant of an interlocutory appeal, Surgery Associates, P.C., Dr. Edward Stringer and Dr. James W. Jackson (collectively "appellants") challenge the denial of their motion for summary judgment. They assert that Bryan Kearby's medical malpractice claims against them were barred by the statute of limitation.

The record shows that after a referral from his personal physician in late November 1986, Kearby sought assistance from appellants for treatment of an ulcer on his left ankle. Appellants diagnosed Kearby's condition as the result of a *venous* insufficiency, and began a course of treatment based upon that diagnosis. After this treatment, Kearby was discharged from the hospital on December 6, 1986.

On December 19, 1986, Kearby sought treatment from appellants for cellulitis involving most of his left leg. He was hospitalized, treated (with the underlying diagnosis remaining venous insufficiency), and discharged on December 28, 1986. On March 3, 1987, appellants again treated Kearby for an ulcerated area on the top of his left foot. Kearby was hospitalized on March 3, 1987, and, after an arteriogram was performed, he was diagnosed as suffering from an *ar-*

*terial* insufficiency. On March 4, 1987, appellants advised Kearby of this diagnosis and recommended that they perform a surgical procedure to correct it.

By this time, however, Kearby and his family had lost faith in appellants, and he rejected this proposed procedure and sought a transfer to a Veterans' Administration ("VA") hospital. His transfer was made on March 17, 1987, and appellants no longer treated Kearby after that date.

According to Kearby, within three hours of checking in to the VA hospital he knew he had gangrene and the next day he learned he would lose his foot. After efforts to control infection in the leg, the VA doctors amputated Kearby's lower left leg and foot on March 24, 1987. The VA doctors later performed a surgical procedure to correct the arterial insufficiency in Kearby's leg.

Kearby, his wife, and his daughter testified at their depositions that while he was under appellants' care in March 1987, he was in constant pain. Further, Kearby's daughter, who accompanied him to the VA hospital on March 17, 1987, stated that she saw her father's foot when he was admitted to the VA hospital, and "there was nothing there, everything was eaten away."

On March 21, 1989, Kearby filed this action against appellants contending they failed to diagnose properly his arterial insufficiency in a timely manner. *Held*:

The statute of limitation applicable to this case is contained in OCGA § 9-3-71 (a): "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." "In most misdiagnosis cases, the injury begins immediately upon the misdiagnosis due to the pain, suffering or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. See *Edmonds v. Bates*, 178 Ga. App. 69 (342 SE2d 476) (1986). The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis. See *Daughtry v. Cohen*, 187 Ga. App. 253 (1) (370 SE2d 18) (1988)." *Whitaker v. Zirkle*, 188 Ga. App. 706, 707 (374 SE2d 106).

In this appeal, we need not ascertain the exact date of Kearby's injury because the depositions of Kearby, his wife, his daughter, and his medical experts make clear that the misdiagnosis and the injury had occurred by March 17, 1987, the last day he was under appellant's care, and the extent of the injury was obvious by March 18, 1987, the day after Kearby's admission to the VA hospital. Consequently, the statute of limitation would bar any action not filed within two years of March 17, 1987. As the complaint in this case was not filed until March 21, 1989, it was barred by OCGA § 9-3-71 (a).

Kearby's argument that his injury did not occur until March 24,

1987, when his lower left leg and foot were amputated, is not well taken. The amputation was part of the course of treatment of the massive infection resulting from the improper diagnosis, and not the injury. *Whitaker v. Zirkle*, supra; *Daughtry v. Cohen*, 187 Ga. App. 253 (1) (370 SE2d 18) (1988). Accordingly, the trial court erred by denying appellants' motion for summary judgment.

*Judgment reversed with direction. Pope and Cooper, JJ., concur.*

DECIDED APRIL 18, 1991 —
REHEARING DENIED MAY 17, 1991 — ▮▮▮▮▮▮▮▮▮

*Beckmann & Pinson, William H. Pinson, Jr., Joseph H. Barrow*, for appellants.

*Williams & Henry, Benjamin S. Williams, Robert P. Phillips III*, for appellee.