A94A0601. FRANKEL v. CLARK.
(444 SE2d 147)

ANDREWS, Judge.
Lavond Clark filed a dental malpractice suit on August 28, 1992 against Dr. David Frankel and his partner Dr. Alan Stein for damages resulting from the failure to discover a cyst in her lower right jaw. Her complaint alleged that on or about August 30, 1990, as a result of the negligence of defendants she suffered various damages.

The affidavit of plaintiff's expert, Thomas David, D. D. S., was filed in which he stated that both Drs. Frankel and Stein were negligent in failing to diagnose the presence of the cyst. Specifically, David avowed that they were negligent in failing to take adequate diagnostic x-ray films of Clark prior to the placement of a bridge on the right side of her mouth; in failing to take adequate diagnostic x-ray films of her subsequent to the placement of the bridge on the right side of her mouth when she continued to experience pain; by rendering improper and inadequate dental treatment to her by placing a bridge in an area where a cyst was present; and in failing to diagnose the cyst in the area where the right bridge was placed.

On October 19, 1992, Clark dismissed Stein from the action. In May 1992, Frankel filed a motion for summary judgment arguing that the two-year statute of limitation under OCGA § 9-3-71 expired prior to the filing of the suit. He contended that even according to David, the latest possible date for the misdiagnosis was March 29, 1990 and that the suit should have been filed by March 29, 1992. Frankel filed his own affidavit in support of the motion, in which he stated that he had seen Mrs. Clark for preparation of a bridge during March 1990 and that he treated her on March 9, March 26 and March 29, 1990. Further, he stated that he saw Mrs. Clark on August 30, 1990, when

her jaw was x-rayed, although he stated that she was "seen" by Dr. Stein on that date and referred to a specialist for consultation. Dr. Frankel avowed that the last professional treatment he rendered to Mrs. Clark was on May 4, 1990.

Also attached to the motion were Clark's responses to discovery in which she stated that in addition to the acts listed in David's affidavit, Frankel's failure to drain the infection and become aware of the cyst occurred on March 2, 1990 and the bridge placement and painful drilling took place on March 26, 1990.

The depositions of David and Clark were also filed. David stated that Clark's problems with her right jaw indicated that a cyst was probably present as early as January 1990. Clark testified that although her right jaw area was sensitive as early as October 1989, she did not begin having problems with the area until March 1990. She testified that August 30 was the last date on which she considered Frankel her dentist and on that date the x-ray showed a possible growth on her jaw. She was immediately referred to a specialist, whom she went to on August 31, 1990, when the presence of a cyst was confirmed.

Clark filed her response to the motion, claiming that the statute of limitation was tolled under a continuing tort theory because of Frankel's continued failure to diagnose the cyst. She argued that the date of discovery of the cyst controlled the statute of limitation and that the statute was tolled by Frankel's fraudulent misrepresentations.

The trial court denied the motion for summary judgment, and we granted Frankel's application for interlocutory review.

In three enumerations of error, Frankel argues that the trial court erred in denying his motion for summary judgment since the statute of limitation expired before Clark filed suit. OCGA § 9-3-71 (a) provides that a medical malpractice action must be brought within two years "after the date on which an injury . . . arising from a negligent or wrongful act or omission occurred." This is a case of misdiagnosis. "In most such cases, the injury begins immediately upon the misdiagnosis due to the pain, suffering, or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis." (Citations and punctuation omitted.) *Zechmann v. Thigpen*, 210 Ga. App. 726 (3) (437 SE2d 475) (1993).

At the latest, Clark's injury occurred on March 29, 1990. By that date, the act of alleged negligence had occurred and the injury had manifested itself to Clark. The fact that Clark did not know the medical *cause* of her suffering did not affect the application of OCGA § 9-3-71 (a) when the evidence established that her injury had occurred

and had physically manifested itself to her at the time of misdiagnosis. *Bryant v. Crider*, 209 Ga. App. 623 (3) (434 SE2d 161) (1993); see generally *Stone v. Radiology Svcs., P.A.*, 206 Ga. App. 851 (2) (426 SE2d 663) (1992); *Jones v. Lamon*, 206 Ga. App. 842 (1) (426 SE2d 657) (1992); *Surgery Assoc., P.C. v. Kearby*, 199 Ga. App. 716 (405 SE2d 723) (1991). Accordingly, the trial court erred in denying Frankel's motion for summary judgment since the complaint was filed August 28, 1992, several months after the statute expired.

Clark argues that four separate acts of negligence are involved here and that the statute had not expired on all of them. She contends that in addition to the misdiagnosis, her expert identified that two acts of negligence occurred subsequent to the placement of the bridge — between March 29, 1990 and August 30, 1990. She contends that Frankel's failure to take adequate diagnostic x-ray films subsequent to the placement of the bridge on the right side of her mouth and his failure to diagnose the presence of a cyst in the area where the right bridge was placed continued until August 30, 1990. We do not accept Clark's argument. Unlike situations in which separate acts of negligence may occur, see, e.g., *Vitner v. Miller*, 208 Ga. App. 306 (430 SE2d 671) (1993), in this case the allegedly negligent act — the failure to diagnose the cyst and the subsequent placement of the bridge — was complete by March 29. Frankel's alleged failure to correct his previous negligence does not constitute additional acts of negligence and we do not accept Clark's argument that his continued failure to recognize the problem constituted a continuing tort.

Moreover, contrary to Clark's assertions, we find no evidence of fraud so as to toll the statute of limitation. Clark did not plead such fraud and there is nothing in the record to reflect that Frankel knew at any time that his treatment was in error, nor is there any evidence that he fraudulently withheld such information from Clark. See *Stone*, supra at 853; *Zechmann*, supra; see generally *Rowell v. McCue*, 188 Ga. App. 528 (373 SE2d 243) (1988).

Because of our conclusion with respect to these enumerations, we need not address Frankel's claim that Clark's response to the motion for summary judgment was improperly considered.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MAY 12, 1994.

*Berlon & Timmel, Michael R. Berlon*, for appellant.
*Steve A. Didio*, for appellee.