A00A1547. OLIVER v. SUTTON.
(540 SE2d 645)

POPE, Presiding Judge.
Stanley Oliver instituted a medical malpractice action against J. Carl Sutton, Jr., M.D., alleging that Dr. Sutton failed to properly diagnose and treat a condition of subtalar osteoarthritis in his left ankle. Dr. Sutton sought and obtained summary judgment on the sole basis that Oliver's claims were time-barred. We affirm in part and reverse in part.

After Oliver broke his left ankle during a softball game, he obtained treatment from Dr. Sutton, an orthopedic physician. During the surgery of September 19, 1994, Dr. Sutton inserted a screw to stabilize Oliver's ankle. After the operation, Oliver was seen by Dr. Sutton on nine occasions spanning about an eighteen-month period. Most of the visits were clustered near the time of the surgery. Oliver consulted Dr. Sutton only twice in 1995 and only once in 1996. He

asserts that he has been in continuous pain since the injury and also since the surgery. At the office visit on April 11, 1995, seven months after the injury, Oliver complained of left ankle pain. According to the office notes of that day, Dr. Sutton described his impression as "Post-Traumatic Osteoarthritis of Left Ankle." Oliver returned on January 11, 1996, and had x-rays taken. On that day, Dr. Sutton wrote in his notes what Oliver contends is the correct diagnosis: "Subtalar osteoarthritis, especially posterior facet." But there is an issue of fact concerning whether he told Oliver of this diagnosis. Dr. Sutton recommended certain treatment and instructed Oliver to return in two months. Oliver never returned.

Oliver filed the underlying malpractice action on January 8, 1998, and later amended his complaint. He alleged that Dr. Sutton misdiagnosed and failed to treat his condition up through January 11, 1996, and that even though Sutton may have reached the correct diagnosis on January 11, 1996, he failed to tell Oliver. Oliver claimed he did not obtain the correct diagnosis of "post-traumatic arthritis of the subtalar joint" until April 11, 1997, when Stanley R. Kalish, D.P.M., a podiatrist, detected that condition.

In this appeal, Oliver contends that the two-year statute of limitation under OCGA § 9-3-71 (a) did not commence until his medical problem was properly diagnosed and disclosed to him.[1]

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is "no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal of a grant of summary judgment, this Court reviews the evidence de novo. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

In most cases, the applicable limitation period for a claim of misdiagnosis begins to run at the time of the alleged misdiagnosis. *Walker v. Melton*, 227 Ga. App. 149, 150 (1) (b) (489 SE2d 63) (1997). This is the rule because, generally, the pain, suffering, or economic loss sustained by the patient begins at the time of the misdiagnosis and continues until the medical problem is properly diagnosed and treated. *Frankel v. Clark*, 213 Ga. App. 222, 223 (444 SE2d 147) (1994); *Jones v. Lamon*, 206 Ga. App. 842, 845 (1) (426 SE2d 657) (1992) (the focus of OCGA § 9-3-71 (a) is not the date of the negligent act but the "consequence of the defendant's acts on the plaintiff").

---

[1] The parties' arguments on issues other than the statute of limitation are not relevant. Sutton's motion for summary judgment raised only one issue — the statute of limitation. See generally *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 689 (1) (458 SE2d 876) (1995) (plaintiff not required to respond to issues not raised in motion for summary judgment).

Further, it is the misdiagnosis itself that comprises the injury, not the subsequent discovery of the correct diagnosis. *Daughtry v. Cohen*, 187 Ga. App. 253 (1) (370 SE2d 18) (1988). Thus, Oliver cannot use April 11, 1997, the date when he was first examined by Dr. Kalish, as the beginning point of the period of limitation. Id. See also *Crowe v. Humana, Inc.*, 263 Ga. 833, 834 (1) (439 SE2d 654) (1994) (applying OCGA § 9-3-73 (b)).

Here, misdiagnosis, if any,[2] occurred on or before April 11, 1995. (In his affidavit, Oliver does not contend that Sutton failed to tell him the April 11, 1995 diagnosis.[3]) And Oliver's injury, improper treatment, occurred on or before that date because his injury had physically manifested itself by that time, i.e., he experienced continuous pain. Oliver did not file suit until January 8, 1998. Thus, any claim of misdiagnosis is time-barred, as is any claim of improper treatment based on the misdiagnosis.[4] *Frankel*, 213 Ga. App. at 224.

Oliver's only remaining allegation is that Sutton failed to communicate the correct diagnosis at the January 11 visit and to properly treat him after that based on the correct diagnosis. Dr. Sutton's office notes demonstrate that he made the proper diagnosis of "subtalar osteoarthritis" on January 11, 1996. In his affidavit, however, Oliver states that on January 11, Dr. Sutton never mentioned the diagnosis and said that he could not detect any other problems with his foot nor the source of his continuous discomfort.

This claim survives the statute of limitation problem if failing to disclose the correct diagnosis on January 11, 1996, constitutes a separate act of negligence from the above claim for misdiagnosis. We find that it does. There is no question that the claim could stand alone. "The confidential relationship between doctor and patient creates a duty to inform the patient of his or her condition." *Hendrix v. Schrecengost*, 183 Ga. App. 201, 202 (1) (358 SE2d 486) (1987). And Dr. Kalish has testified that Sutton's failure to inform Oliver of the diagnosis on January 11, 1996, fell below the standard of care. Although determining the correct diagnosis after allegedly misdiagnosing the problem is certainly not negligence, failing to communicate the proper diagnosis can be.

This decision is reinforced by the reasoning of *Hamrick v. Ray*, 171 Ga. App. 60, 62-63 (4) (318 SE2d 790) (1984). That case analyzed whether several actions by one doctor could constitute separate acts of negligence by putting another doctor in the place of the defendant

---

[2] There is an issue of fact as to whether the two diagnoses were the same.

[3] The plaintiff's deposition was not made a part of the record.

[4] Oliver does not argue that Sutton's failure to reveal the correct diagnosis tolls the running of the statute of limitation. Nor would tolling be applicable here because Oliver was aware of his injury from the time of the misdiagnosis.

at the time of the alleged separate act. Applying *Hamrick* here, if Oliver had seen a different doctor on January 11, 1996, who came to the correct diagnosis but failed to tell Oliver, then that doctor could be found negligent, and the statute of limitation would begin to run on that day.[5]

*Frankel* is not controlling on this point. In that case, this Court held that a dentist's failure to correct his earlier misdiagnosis was not a separate act of negligence. But there, the defendant never withheld the correct diagnosis and no alleged specific separate act of negligence occurred less than two years before suit was filed. *Frankel*, 213 Ga. App. at 224. Here, Sutton's alleged failure to tell Oliver of the correct diagnosis occurred less than two years before Oliver filed suit.

Of course, Oliver's damages are only those arising from the alleged failure to treat Oliver for the correct condition from that day forward. And in this case, there are serious questions about whether there are any damages given Oliver's refusal to return as instructed and the possibility that the treatment was proper anyway. But this appeal concerns only whether the statute of limitation has run on that claim.

*Judgment affirmed in part and reversed in part. Miller and Mikell, JJ., concur.*

DECIDED OCTOBER 19, 2000.

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.

*Allen & Weathington, Paul E. Weathington, Scott W. Boak*, for appellee.

---

[5] *Hamrick* also held that the continued failure to inform a patient of the presence of a foreign object left in the patient's body is not a separate act of negligence. However, that holding is specifically limited to OCGA § 9-3-72 and the one-year limitation period for that type of negligence. That Code section provides that the one-year limitation period commences upon discovery of the object. Thus, if a continuing failure to inform constituted a separate act of negligence, it "would emasculate OCGA § 9-3-72 and render it inapplicable to the cases for which it was specifically designed. . . ." *Hamrick*, 171 Ga. App. at 62 (3).