## A04A0001. OLIVER v. SUTTON.
(595 SE2d 598)

ANDREWS, Presiding Judge.

Stanley Oliver appeals from the trial court's grant of summary judgment to Dr. J. Carl Sutton, Jr. on Oliver's claim for medical malpractice. For reasons which follow, we affirm.

This is the second appearance of this case in our court. In *Oliver v. Sutton*, 246 Ga. App. 436 (540 SE2d 645) (2000), we partially reversed the trial court's grant of summary judgment to Dr. Sutton. The trial court had granted summary judgment to Sutton on the basis that all of Oliver's claims were time-barred. This Court affirmed the grant of summary judgment on Oliver's claim of misdiagnosis and any claims of improper treatment as a result of the misdiagnosis. Id. at 438. We held, however, that Oliver's claim that Dr. Sutton failed to tell him of the correct diagnosis at his visit on January 11, 1996, survived. The opinion went on to state: "Of course, Oliver's damages are only those arising from the alleged failure to treat Oliver for the correct condition from that day forward. And in this case, there are serious questions about whether there are any damages given Oliver's refusal to return as instructed and the possibility that the treatment was proper anyway. But this appeal concerns only whether the statute of limitation has run on that claim." Id. at 439.

After the case returned to the trial court, Sutton again moved for summary judgment, claiming that he did, in fact, tell Oliver that he had subtaler osteoarthritis. Moreover, as pointed out by this Court, Oliver could show no damages as a result of any failure to communicate the diagnosis because he did not return to Sutton for treatment after the January 11, 1996 visit and also because Sutton was treating him correctly for subtaler osteoarthritis. The trial court granted the motion and this appeal followed.

On appeal, Oliver reiterates his affidavit testimony that Sutton failed to disclose to him at the January 11, 1996 visit that he had osteoarthritis and points to his expert's affidavit which states that failure to disclose the diagnosis fell below the standard of care. In spite of the language in this Court's opinion raising the issue of any damage as a result of this claim, Oliver does not point to any damage flowing from this event. It is undisputed that he never returned to Sutton after this visit; therefore, he cannot claim that his treatment after January 11, 1996, by Sutton caused any harm.

Moreover, in Oliver's deposition,[1] he states that Sutton did tell him he had post-traumatic arthritis. Oliver testified: "All we could

---

[1] In the previous case, Oliver's deposition was not part of the record on appeal. *Oliver*, supra at 438, n. 3.

determine, because he told me, is that I had arthritis, I guess post-traumatic arthritis or whatever you called it." This is directly contradictory to his affidavit testimony and Oliver has provided no explanation for this contradiction.

"In *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), the Supreme Court held that where the favorable portion of a party's self-contradictory testimony is the only evidence of such party's right of recovery, the opposing party is entitled to summary judgment in the absence of a reasonable explanation." *Span v. Phar-Mor, Inc.*, 251 Ga. App. 320, 322 (554 SE2d 309) (2001).

Accordingly, construing Oliver's affidavit testimony against him, the only remaining evidence is Oliver's deposition testimony that Sutton did inform him he had arthritis and Sutton's affidavit testimony that he informed Oliver of the diagnosis.

Therefore, for all of the reasons discussed above, we conclude that Sutton has shown a complete absence of evidence to support Oliver's remaining claim. Sutton was entitled to summary judgment. There was no error.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 23, 2004.

*Albert, Bailey & Wallace, Stephen B. Wallace II*, for appellant.
*Allen & Weathington, Paul E. Weathington, Kara A. Hicks, Amy M. Hoffman*, for appellee.