A05A2126. LANGLEY et al. v. SHANNON.
(628 SE2d 608)

BERNES, Judge.

Robert and Lisa Langley, individually and as guardians of their children, appeal from an order from the State Court of Jackson County granting summary judgment to Dr. Martha Shannon. In its order, the trial court held that the statute of limitation bars the Langleys' negligence claims against Shannon, a licensed veterinarian, as a matter of law. For the reasons that follow, we affirm.

Construed in the light most favorable to the Langleys, the record reveals that, on January 13, 2002, Lisa Langley brought her kitten to Shannon's office after it had been attacked and seriously wounded by a raccoon. After determining that the kitten had suffered a fractured leg, Shannon administered pain medication and kept the kitten overnight for observation. The following day, Shannon contacted Robert Langley to inform him that she could perform surgery to correct the leg, remove the leg, or euthanize the kitten, and discussed with him the cost associated with each option. Robert Langley authorized Shannon to perform surgery to correct the leg. While

Shannon's medical records indicate that she discussed "euthanasia vs quarrantine [sic]" with the Langleys, and Shannon asserts that she did so in the context of informing the Langleys of certain precautions necessary in the event that the kitten might have been exposed to the rabies virus, Lisa Langley denies that Shannon ever cautioned her or her husband about the possibility that the kitten may have contracted rabies and/or discussed with them the need to quarantine the kitten. She likewise denies that the discussions surrounding euthanasia were related to a possible exposure to the rabies virus.

Shannon performed the surgery and kept the kitten at her clinic for observation and treatment for approximately one week. Thereafter, she returned the kitten to the Langleys. By all observations, the kitten had been healing properly; however, on February 25, 2002, Lisa Langley returned to Shannon's office when the kitten began displaying posterior paralysis. It is undisputed that, at this visit, Shannon informed Lisa Langley that she suspected that the kitten had been infected with rabies, and directed Lisa Langley to immediately consult her physician regarding the possible exposure of her and her family to the rabies virus. Shannon euthanized the kitten and subsequently determined that it was, in fact, rabid. The Langleys and their three children were thereafter required to undergo rabies prophylaxis.

The Langleys filed the instant action on February 26, 2004, to recover for damages incurred as a result of Shannon's alleged negligence surrounding the events set forth above. The trial court granted Shannon's motion for summary judgment on the grounds that the statute of limitation barred the Langleys' claims.

Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56. On appeal of a grant of summary judgment, this Court reviews the record de novo. *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002). Shannon asserts that the Langleys' claim constitutes nothing more than a medical malpractice action for failure to properly diagnose the kitten, and thus became barred two years after the alleged misdiagnosis pursuant to OCGA § 9-3-71. The Langleys argue, on the other hand, that Shannon breached her duty of care by failing to require the kitten to be quarantined at the veterinary clinic or alternatively undergo euthanasia, and that she was also negligent for "failing to warn" the Langleys about the hazard of being exposed to a potentially rabid animal, which was continuous until they received an appropriate warning with respect to the hazard. The Langleys thus argue that the case is one of ordinary negligence governed by OCGA § 9-3-33 and that statute of limitation was tolled until Shannon notified them that the kitten had contracted rabies.

As an initial matter, we need not decide whether this case is governed by OCGA § 9-3-33, the personal injury statute, or OCGA § 9-3-71, the medical malpractice statute, because both statutes have a two-year time limitation and under either statute, the Langleys' claims are time barred. We agree with the Langleys, however, that their complaint can be liberally construed[1] to encompass all three of these asserted allegations of negligence. First, the most obvious cause of action stems from Shannon's alleged negligence for failure to diagnose the kitten as rabid at the first office visit. Second, the disputed facts indicate that Shannon may have been negligent because she recognized the danger that the kitten may have been exposed to the rabies virus and needed to be either euthanized or quarantined, but failed to communicate the same to the Langleys. *Oliver v. Sutton*, 246 Ga. App. 436, 438-439 (540 SE2d 645) (2000) (holding that knowing but failing to communicate a correct diagnosis may constitute a separate act of negligence). Third, the disputed facts indicate that Shannon may have negligently "failed to warn" the Langleys of the risk associated with caring for a potentially rabid animal. See *McNew v. Decatur Veterinary Hosp.*, 85 Ga. App. 54 (68 SE2d 221) (1951) (recognizing that failing to warn the caretaker of the dangerous condition of a potentially rabid animal and give proper confinement instructions can constitute negligence).

The limitation period for a claim of negligent failure to properly diagnose the kitten as rabid began to run on January 13, 2002, the date of the initial misdiagnosis, and thus that claim became time barred on January 13, 2004. *Harrison v. Daly*, 268 Ga. App. 280, 283 (601 SE2d 771) (2004). And, pretermitting whether the limitation period for the other two claims of negligence was tolled until Shannon properly notified the Langleys of the dangerous condition of the animal and advised them accordingly, the uncontroverted evidence illustrates that the Langleys were notified that the kitten was likely rabid on February 25, 2002, at which time Shannon also euthanized the kitten and instructed the Langley family to consult their family physician.[2] Any such claims were therefore required to have been filed within two years of February 25, 2002. See *Oliver*, 246 Ga. App. at 438-439. Since the Langleys' complaint was not filed until February 26, 2004, it is barred as a matter of law. *Hilea v. Colonial Stores*, 135 Ga. App. 39 (216 SE2d 905) (1975) (holding actions filed one day

---

[1] *Dwyer v. McCoy*, 236 Ga. App. 326, 328 (5) (512 SE2d 70) (1999).

[2] In their brief, the Langleys cite February 27, 2002 as the date on which they "learned" that the kitten was rabid. However, during the course of her deposition, Lisa Langley confirmed that she learned that the kitten was rabid on Monday, February 25, 2002.

late are barred). Accordingly, the lower court's grant of summary judgment stands affirmed.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 10, 2006.

*Tolbert & Elrod, Scott R. Tolbert, Christopher D. Elrod,* for appellants.

*Weissman, Nowack, Curry & Wilco, Leigh M. Wilco, Angele Rishi,* for appellee.