55112. INSURANCE COMPANY OF NORTH AMERICA et al. v. LOVINGGOOD.

QUILLIAN, Presiding Judge.

The sole question presented by this appeal from the superior court's affirmance of an award of the State Board of Workmen's Compensation is whether certain medical expenses were authorized. The expenses in question were for a psychiatrist's treatment of the claimant. The appellant contends that the requirements of Code § 114-501, as amended (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 532; 1943, pp. 167-169; 1949, pp. 1357, 1359; 1955, pp. 210, 216; 1963, pp. 141, 153; 1968, pp. 3, 6; 1971, pp. 895, 898; 1975, pp. 190, 196), were not met. *Held:*

Code Ann. § 114-501 provides: "Upon the request of an employee or an employer, the board may in its judgment, after giving notice in writing of said request to all interested parties and allowing any interested party 10 days from the date of said notice to file in writing its objections to said request; order a change of physician or treatment and designate other treatment or another physician, and in such case, the expenses shall be borne by the employer upon the same terms and conditions as hereinbefore provided."

Contrary to appellant's contentions we are not prepared to hold that the letter from claimant's attorney dated October 30, 1975, did not constitute an employee's request. However, the record only reveals the letter and the fact the plaintiff was being treated by a psychiatrist. There is no showing that the board gave notice in writing and allowed 10 days for objection to the request.

We formerly held in *Travelers Ins. Co. v. Sams,* 116 Ga. App. 531 (157 SE2d 823), that no hearing was necessary under the law at that time. However, in 1971 the amendment which we have quoted above was enacted. Under its provisions a failure of the board to act as

required will mandate a reversal.

It should be noted that Code Ann. § 114-501 authorizes emergency treatment without the necessity of complying with the requirements quoted above. The board in its order made no finding as to whether the treatment in question would fall within this category. Because the present record is incomplete and we can in no way ascertain whether an emergency might have existed, the case is reversed and remanded for consideration by the board on this issue.

*Judgment reversed and remanded. Webb and McMurray, JJ., concur.*

ARGUED JANUARY 11, 1978 — DECIDED APRIL 18, 1978.

*Swift, Currie, McGhee & Hiers, John A. Ferguson, Jr., Charles L. Drew,* for appellants.

*Spence & Knighton, Virgil C. Spence,* for appellee.