## 69879. COLUMBUS FOUNDRIES, INC. et al. v. MOORE.
(333 SE2d 212)

BEASLEY, Judge.
In August 1977 appellee (claimant) suffered an on-the-job back injury for which he received workers' compensation benefits. On November 17, 1982 appellants (employer and insurer) filed a request for a change in physicians (Request I) which was denied on December 20, 1982 by the administrative law judge (ALJ). On January 12, 1983 the ALJ's denial of Request I was adopted by the State Board of Workers' Compensation. Appeal was then taken to the superior court.

On April 1, 1983 appellants filed another request for a change in physicians[1] (Request II), setting forth, inter alia, some $17,600 in charges from or ordered by the treating physician and assertions that submission of the charges for evaluation by an independent peer re-

---

[1] We find no language in OCGA § 34-9-200 (d) nor anywhere else in the Act limiting the number of times a request for a change of physicians may be brought by an employer or an employee. Cf. OCGA § 34-9-201 (d).

view foundation had resulted in a finding of approximately $2,000 as reasonable charges. By order dated April 25 the ALJ denied Request II. However, on October 24 the full board reversed the ALJ and granted Request II. Appellee appealed the grant of Request II to the superior court. By separate orders filed August 17, 1984, the trial court disposed of each appeal in the following manner: (1) relying upon *Travelers Ins. Co. v. Sams*, 116 Ga. App. 531 (157 SE2d 823) (1967), the decision of the full board denying Request I was affirmed; (2) the decision of the full board granting Request II was reversed and vacated as null and void due to the full board's lack of subject matter jurisdiction to entertain Request II while the appeal of Request I was pending in superior court. On appeal to this court, employer and insurer appeal only from the order reversing the full board's grant of their Request II.

The central issue in this case is whether the substantive decision of the full board granting or denying a change in physicians is appealable to the superior court.[2] For the following reasons, we hold that it is. OCGA § 34-9-200 (d), the statute authorizing such decision by the full board, provides in pertinent part: "Upon the request of an employee or an employer, *the board may in its judgment*, after giving notice in writing of the request to all interested parties and allowing any interested party ten days from the date of said notice to file in writing its objections to the request, order a change of physician or treatment and designate other treatment or another physician. . . ." (Emphasis supplied.) It is clear from the plain, unambiguous language of the statute that the actual decision of the full board on a request for a change of physicians is discretionary.

The word "judgment" here, when considered in the context in which it is employed and in the scheme of workers' compensation procedure pursuant to due process of law, is akin to "discretion."

"Judgment" in its legal usage can mean many things, as we know. Its dictionary definition includes "discretion" and "discernment"; in the law, "[t]he act of determining, as in courts, what is conformable to law and justice; . . ." Webster's New Intl. Dictionary, 2d ed., Unabridged. The same dictionary defines "discretion" to mean, when used in the law: "The latitude of decision within which a court or judge decides questions arising in a particular case according to the circumstances and according to the judgment of the court or judge, not expressly controlled by fixed rules of law, as in suspension of a sentence or the amount of a fine." Black's Law Dictionary, 4th ed., gives a

---

[2] It is clear that appeal may be taken from the full board's decision when the procedural mandates of OCGA § 34-9-200 (d) are not followed. See *Georgia Power Co. v. Brown*, 169 Ga. App. 45 (3) (311 SE2d 236) (1983); *City of Acworth v. Williams*, 162 Ga. App. 694 (293 SE2d 352) (1982); *Insurance Co. of N. A. v. Lovinggood*, 145 Ga. App. 690 (244 SE2d 628) (1978).

number of legal usages and definitions. What seems to fit here, used in this statute, is "[t]he formation of an opinion or notion concerning something by exercising the mind upon it," especially when subsection (d) establishes that this "judgment" is to be based on a consideration of the positions of both the protagonist and the antagonist.

The meaning of "judgment" in a fairly comparable context was discussed in *Kaufman v. Pima Jr. College*, 14 Ariz. App. 475, 478 (484 P2d 244, 247) (1971). The court was called upon to interpret a section of the Arizona Revised Statutes which provided that the district school board shall have the power to " 'remove any officer or employee *when in its judgment* the interests of education in the state so require.' " (Emphasis supplied.) It held that "[t]he exercise of judgment means the exercise of sound discretion, that is, discretion exercised, not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law." Our own legislature used the word "judgment" to mean "discretion" in another type of administrative proceeding, involving job discrimination claims. See OCGA § 45-19-38 (b).

"Discretion," Black's Law Dictionary explains, when referring to the discretionary action of a judge or court, means "discretion bounded by the rules and principles of law, and not arbitrary, capricious, or unrestrained." It quotes from *Griffin v. State*, 12 Ga. App. 615, 621 (77 SE 1080) (1913): "[J]udicial discretion is substantially synonymous with judicial power." It also cites *Smith v. Hill*, 5 F2d 188 (3rd Cir. 1925) for the following: "It is not the indulgence of a judicial whim, but is the exercise of judicial judgment, based on facts and guided by law." Can it be said that the exercise of "judgment" by the board, an executive agency, knows no such bounds? It is making a quasi-judicial decision here, not a political one.

We grant that the board has wide latitude. But we do not believe it is to be unbridled. What if its judgment were arbitrary or unfounded? There would be no recourse for the employer who must bear the additional expenses or for the employee who seeks more satisfactory medical treatment. It does not appear that the General Assembly meant such a devastating effect. This is made even more acute by the fact that no hearing is required before such an order is entered by the board. If the exercise of its judgment is conclusive and totally unreviewable, questions of due process loom large.

We venture to say there are *very* few areas of the law where a judicial or quasi-judicial decision is not reviewable *at all*. Why? Because we are a state of law and not of men. Individual judges' excesses can be curbed by making each accountable to a higher authority. Thus, while *wide* latitude is often given, as indeed it must be if we are not to have rigid and mechanical application of law necessarily made general, but rather flexible application to specific and inevitably dif-

fering circumstances, that latitude is rarely given without metes and bounds. That is what equity, for example, serves. And since some degree of reviewability is the nearly universal rule, when the legislature deems it wise to cut it off, it has said so. For example, the law expressly provides that, with respect to disputed claims of indigency in connection with paying costs and posting bond for appeal: "The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." OCGA § 5-6-47 (b). It is therefore nonreviewable. *Hyman v. Leathers*, 168 Ga. App. 112 (5) (308 SE2d 388) (1983). See also OCGA § 9-15-2 (b); *Harris v. State*, 170 Ga. App. 726 (318 SE2d 315) (1984). In the absence of clear legislative intent to that effect here, we find none.

There is not much support for the opposite view in *Travelers Ins. Co. v. Sams*, supra. The employer wanted a hearing but the law, as now, did not require one. However, the law has been amended since to at least give the employer (and "any interested party") opportunity to file written objections to the employee's request. Apparently the legislature deemed due process to require as much. The board is mandated to follow the new procedure. *Insurance Co. of N. A. v. Lovinggood*, 145 Ga. App. 690 (244 SE2d 628) (1978). Note further that in that case, where the superior court's affirmance of the board's award was reversed because the board did not follow the procedural requirement of Code Ann. § 114-501 (now OCGA § 34-9-200 (d)), no question was raised as to the superior court's jurisdictional authority to affirm an award, i.e., review the substantive decision of the board. The court made no distinction between the power of the trial court to review the board's adherence to procedural requisites and its power to review the substantive aspects of the board's order.

OCGA § 34-9-105 (b) provides that "[e]ither party to the dispute may, . . . appeal from the decision in such final award or from any other final decision of the board to the superior court. . . ." Subsection (c) gives the superior court jurisdiction to set aside an order if it is found that: "(1) The members acted in excess of their powers; . . ." Without intimating that the subject here would not fall within any of the four other categories, it would clearly come within this one. For if the board acted arbitrarily, it would do so in excess of its powers.

Thus, the case must be remanded to the superior court to determine if the board abused its discretion in granting the employer's and insurer's Request II, involving a reduction of liability by over $15,000 and in requiring a change of physician.

*Judgment reversed and case remanded with direction. Banke, C. J., Deen, P. J., McMurray, P. J., and Benham, J., concur. Carley, J., concurs in the judgment only. Birdsong, P. J., Sognier and Pope, JJ., dissent.*

POPE, Judge, dissenting.

I dissent to the opinion of the majority holding that the substantive decision of the full board granting or denying a request for a change in physicians is appealable to the superior court. Examination of the statute at issue and relevant case law leads me to an opposite result. OCGA § 34-9-200 (d), the statute authorizing such decision by the full board, provides in pertinent part: "Upon the request of an employee or an employer, *the board may in its judgment,* after giving notice in writing of the request to all interested parties and allowing any interested party ten days from the date of said notice to file in writing its objections to the request, order a change of physician or treatment and designate other treatment or another physician. . . ." (Emphasis supplied.) It is clear from the plain, unambiguous language of the statute that the actual decision of the full board on a request for a change of physicians is wholly discretionary. There is, thus, nothing for the superior court to review in this regard. The exclusive grounds for appeal from the full board to the superior court are set forth in OCGA § 34-9-105 (c, d). The decision made in the full board's discretion granting or denying a request for a change in physicians simply does not fit into any of these categories.

Although it was decided pursuant to a different statute (see Ga. L. 1963, pp. 141, 154), a predecessor to OCGA § 34-9-200 (d), after applying a different rationale, I reach the same conclusion as that of the opinion in *Travelers Ins. Co. v. Sams,* supra. "The board's order in the case sub judice is not such an order as is contemplated by [OCGA § 34-9-105] which provides for appeals to the superior court." Id. at 532. I do not believe this conclusion to have been altered by the amendment to former Code Ann. § 114-501, now OCGA § 34-9-200 (d), providing for notice and the opportunity to file objections to a request for a change in physicians. Ga. L. 1975, pp. 190, 196. While it is apparent that appeal may be taken from the full board's decision when the procedural mandates of OCGA § 34-9-200 (d) are not followed (see *Georgia Power Co. v. Brown,* 169 Ga. App. 45 (3) (311 SE2d 236) (1983); *City of Acworth v. Williams,* 162 Ga. App. 694 (293 SE2d 352) (1982); *Insurance Co. of N. A. v. Lovinggood,* 145 Ga. App. 690 (244 SE2d 628) (1978)), I find no basis for allowing appeal of the full board's substantive decision where such procedural requirements have been met. Further, I find no different result demanded by the opinion in *Lovinggood,* supra. It is apparent that the issue there was whether medical expenses already incurred by the claimant for treatment by a different physician were authorized. The court reversed because the full board failed to comply with the provisions for notice and filing of objections, not because it abused its discretion in deciding as it did. The case was further remanded for determination of whether an emergency existed necessitating treatment without com-

plying with the procedural requirements of the statute. See OCGA § 34-9-200 (f).

Relying upon the absence of statutory language in OCGA § 34-9-200 (d) restricting appeal to the superior court, the majority finds an absence of clear legislative intent to limit review of the full board's substantive decision to grant or deny a request for a change in physicians. In the same vein but applying converse reasoning, an examination of OCGA § 34-9-200 reveals that the subsection preceding that which is at issue here expressly provides for appeal to the superior court pursuant to OCGA § 34-9-105 of the board's decision to grant or deny *additional* medical or vocational rehabilitation benefits under OCGA § 34-9-200 (a, b). See OCGA § 34-9-200 (c). This language permitting appellate review is missing in OCGA § 34-9-200 (d). Obviously the full board's decision regarding additional benefits under OCGA § 34-9-200 (c) either grants or denies compensation, in the form of these medical benefits. "The [Act] makes no provision for an appeal to the superior court from a decision of the full board other than one which grants or denies compensation." *Garner v. Owens-Ill. Glass Container*, 134 Ga. App. 917 (2) (216 SE2d 709) (1975). Although the decision to grant or deny a request for a change in physicians is not precisely the interlocutory order at issue in *Garner*, supra, because there appears to be no limit to the number of times such request may be brought, I find it analogous. Additionally, I find no grant or denial of compensation in the decision under OCGA § 34-9-200 (d).

A goal of the Workers' Compensation Act is the speedy resolution and disposition of claims. This would, in my opinion, be contravened by allowing appeal to the superior court from the full board's substantive decision to grant or deny a request for a change in physicians. In the present appeal, Request I was decided by the full board two months after it was filed and the decision on Request II took eight months. The superior court's order on Request I came one year and seven months after the full board's order. Request II took ten months for review in the superior court.

Based upon the foregoing reasons, I would hold that the substance of the full board's order under OCGA § 34-9-200 (d) is not appealable to the superior court. It follows that the superior court was without jurisdiction to rule on either Request I or Request II. The pendency of the appeal of Request I, therefore, had no bearing upon the filing of Request II as the superior court was without jurisdiction. Since Request II was filed on April 1, 1983 after the full board's disposition of Request I on January 12, 1983, Request II was valid and properly within the jurisdiction of the ALJ and ultimately the full board. The ALJ's denial of Request II was superseded by the decision of the full board on October 24, 1983 reversing the ALJ and granting

Request II. See generally *Carter v. Kansas City Fire &c. Ins. Co.*, 138 Ga. App. 601, 604 (226 SE2d 755) (1976). I would hold that the superior court erred in reversing and vacating the decision of the full board granting Request II as it was a valid and proper ruling.

I am authorized to state that Presiding Judge Birdsong and Judge Sognier join in this dissent.

DECIDED JULY 10, 1985.

*William G. Boyd, James B. Hiers, Jr., Mark J. Goodman,* for appellants.

*Paul Kilpatrick, Jr., Alex Byars,* for appellee.