A89A0391. CONWOOD CORPORATION et al. v. GUINN.
(379 SE2d 621)

BANKE, Presiding Judge.

In a prior appearance of this workers' compensation case before this court, we concluded that the limitations set forth in OCGA § 34-9-242, dealing with compensation for accidents occuring "while the employee is employed elsewhere than in this state," would not apply if "the principal locality of the employment relationship" were determined to be in Georgia; and we remanded the case to the board for a factual finding on that issue. *Guinn v. Conwood Corp.*, 185 Ga. App. 41, 47 (363 SE2d 271) (1987). Without taking any additional evidence, the board concluded on remand "that the locality of the claimant's employment was in Georgia and that the board does have jurisdiction of this claim"; and it remanded the case to an administrative law judge for consideration on the merits based on this determination. That ruling was appealed to the superior court, which affirmed. The case is now before us again pursuant to our grant of the employer/insurer's application for a discretionary appeal. *Held:*

"The Work[ers'] Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation." *Garner v. Owens-Illinois &c. Container*, 134 Ga. App. 917 (216 SE2d 709) (1975); OCGA § 34-9-105 (b). While we are inclined to agree with the employer/insurer's contention that the existing evidence of record in this case was insufficient to support a finding one way or the other on the issue of whether "the principal locality of the employment relationship" was in Georgia, we must conclude that inasmuch as the board's ruling on this issue did not constitute a "final order or judgment" within the contemplation of OCGA § 34-9-105 (b), the superior court was with-

out jurisdiction to entertain the appeal. The judgment of the superior court is accordingly reversed with direction that the appeal be dismissed as premature.

*Judgment reversed and case remanded with direction. Sognier and Pope, JJ., concur.*

DECIDED MARCH 3, 1989.

*Van Gerpen & Rice, G. Scott Hoffman*, for appellants.
*Robert A. Wharton, Jr.*, for appellee.