A92A0450. FASHER PAINTING & DECORATING COMPANY et al. v. BORDELON et al.

(419 SE2d 82)

Birdsong, Presiding Judge.

This court granted appellants' petition for discretionary appeal of the order of the superior court reversing the order of the full Board of Workers' Compensation (board). The ALJ denied the motion of the Georgia Insurers Insolvency Pool (GIIP) to add the American Policyholders Insurance Company (APIC) as a party defendant in regard to a hearing "to determine the proper party for the handling of claimant's workers' compensation benefits." Thereafter, GIIP filed an application for de novo review by the board of the order of the ALJ denying its motion to add a party defendant. The board vacated the order and remanded the claim to an ALJ to add APIC as a party defendant. *Held:*

1. Although the superior court characterized the order of the board as an "Award of the Full Board," the action of the board was merely an order and did not constitute any form of "compensation award" within the meaning of OCGA §§ 34-9-102 and 34-9-103. "There is no magic in nomenclature; thus, in classifying the order of [the board or of an ALJ], we will construe it to serve the best interests of justice, judging the order by its function rather than by its name." *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169 (1) (390 SE2d 257).

2. OCGA § 34-9-105 (b) expressly provides: "Either party to the dispute may, within 20 days from the date of any such *final award or* within 20 days from the date *of any other final order or judgment* of the members of the board . . . appeal from the decision in such *final award or from any other final decision* of the board to the superior court. . . ." (Emphasis supplied.) This statute plainly, clearly, and unambiguously prescribes that only a *final* award, order, judgment, or decision of the board is subject to appeal to the superior court. Further, " '[t]he Work(ers') Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation.' " *Conwood Corp. v. Guinn*, 190 Ga. App. 595 (379 SE2d 621). "When a statute 'is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.' " *Ringewald v. Crawford W. Long Mem. Hosp.*, 258 Ga. 302, 303 (368 SE2d 490), overruled on other grounds, *Spivey v. Whiddon*, 260 Ga. 502 (397 SE2d 117). The order of the board remanding the claim to the ALJ to add a party was not a final award or other final order or judgment, neither did it grant or deny compensation. The right to judicial review is restricted to the method prescribed by the Workers' Compensation Act. See, e.g., *Ma-*

*con v. U. S. Fidelity &c. Co.*, 41 Ga. App. 774 (154 SE 702). Accordingly, the superior court lacked jurisdiction over this appeal.

Appellees argue that the superior court obviously determined that the board lacked authority to add a party, particularly as all the issues in this claim were res judicata. Regardless of the basis for the superior court's ruling, it was without jurisdiction in this matter. The propriety of the order of the board can be adjudicated if an appealable award, order, judgment, or decision is entered and a timely appeal is taken as provided by OCGA § 34-9-105 (b). Appellees further assert, however, that this result will leave the board free to exceed its statutorily circumscribed authority at will. The board, however, is under an inherent duty to apply the law in good faith. We will not presume that the board will knowingly ignore this duty and act in bad faith. Moreover, the General Assembly has seen fit, consistent with considerations of both judicial and fiscal economy, to limit the scope of the appellate review by the courts under the Workers' Compensation Act. Judicial legislation is not the solution to problems such as those posed by appellees; rather, the General Assembly may, if and when it deems necessary, increase the appellate authority of the superior court to correct any real or perceived abuses of judicial discretion by the board.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED MAY 6, 1992.

*E. Harold Stone*, for appellants.
*Robert N. Levinson, Robert L. Kiser*, for appellees.

