A97A2572. GILMAN PAPER COMPANY et al. v. DAVIS.

(496 SE2d 469)

POPE, Presiding Judge.

Bobby Davis sustained a work-related injury by exposure to chlorine gas on July 15, 1994. His employer, Gilman Paper Company, originally accepted the injury as compensable and paid workers' compensation benefits until January 31, 1995, when it suspended benefits based upon a change in condition.

Davis subsequently filed a motion to reinstate benefits, and on October 24, 1996, the ALJ issued an interlocutory order granting the motion because Gilman Paper improperly suspended benefits without giving ten days' advance notice as required by Board Rule 221 (i). The Appellate Division upheld the ALJ's award, specifically noting that the award was "an interlocutory order, pending hearing for a final determination." The superior court affirmed, and this discretionary appeal followed.

However, "[n]owhere in our [workers' compensation] statute is there provision for an interlocutory appeal." *Garner v. Owens-Illinois &c.,* 134 Ga. App. 917, 920 (2) (216 SE2d 709) (1975). The statute "plainly, clearly, and unambiguously prescribes that only a *final* award, order, judgment, or decision of the board is subject to appeal to the superior court. . . . [T]he Workers' Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation." (Citation and punctuation omitted.) *Fasher Painting &c. Co. v. Bordelon,* 204 Ga. App. 196 (419 SE2d 82) (1992).

In the instant case, as the State Board's interlocutory ruling that reinstated benefits pending final hearing in the matter did not constitute a final order or judgment, "the superior court was without jurisdiction to entertain the appeal. The judgment of the superior court is accordingly reversed with direction that the appeal be dismissed as premature." *Conwood Corp. v. Guinn,* 190 Ga. App. 595, 596 (379 SE2d 621) (1989).

*Judgment reversed and case remanded with direction. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 14, 1998 —
RECONSIDERATION DENIED JANUARY 28, 1998

*Whelchel, Brown, Readdick & Bumgartner, Richard A. Brown, Jr., Gregory T. Carter*, for appellants.
*Phillip M. Eddings*, for appellee.