A98A0969. GAC, MFG/PROCESSING et al. v. BUSBIN.
(504 SE2d 270)

RUFFIN, Judge.

In this workers' compensation case, the ALJ denied the employee's claim without hearing any of the employer's evidence; the appellate division reversed the denial and remanded the claim for taking the employer's evidence; and the superior court affirmed the appellate division's decision. We granted the discretionary application to determine whether the appeal of the appellate division's decision was premature.

The record shows that Cecil Busbin was employed as a truck driver by Ocilla Gin, Inc., and he sustained a broken neck when his truck ran off the road as he was hauling a load of cotton back to his employer. Busbin had no specific recall of the actual accident, although the company dispatcher testified that Busbin had been sent to pick up a load of cotton on the day of the injury.

At the close of Busbin's evidence, the employer moved for a directed verdict denying the claim on the ground that there was no evidence showing that the accident arose out of and in the course of Busbin's employment. The ALJ adjourned the hearing at that point without hearing the employer's evidence and ultimately denied the claim on that basis. However, the appellate division found that as a matter of law, the evidence presented by Busbin established a prima facie case otherwise and remanded the case for taking the employer's evidence. The employer appealed to the superior court, which affirmed the appellate division.

As the appellate division's decision rendered the case pending before the trial division of the State Board, the superior court should have declined to review the employer's appeal because such an interlocutory appeal is unauthorized under the Workers' Compensation Act. "Nowhere in our [workers' compensation] statute is there provision for an interlocutory appeal." *Garner v. Owens-Illinois Glass Container*, 134 Ga. App. 917, 920 (2) (216 SE2d 709) (1975). The statute "plainly, clearly, and unambiguously prescribes that only a *final* award, order, judgment, or decision of the board is subject to appeal to the superior court. . . . [T]he Workers' Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation." (Citation and punctuation omitted; emphasis in original.) *Fasher Painting &c. Co. v. Bordelon*, 204 Ga. App. 196 (2) (419 SE2d 82) (1992).

In view of the above, the superior court's judgment affirming the appellate division's decision is reversed, and the superior court is directed instead to dismiss the appeal as premature. See *Conwood Corp. v. Guinn*, 190 Ga. App. 595, 596 (379 SE2d 621) (1989).

*Judgment reversed and case remanded with direction. Pope, P. J., and Beasley, J., concur.*

DECIDED JULY 14, 1998.

*Clyatt & Clyatt, Robert M. Clyatt, Melissa M. Clyatt*, for appellants.

*Beauchamp & Associates, Flora L. Beauchamp*, for appellee.