A00A0785. CARTWRIGHT v. MIDTOWN HOSPITAL et al.
(534 SE2d 504)

BLACKBURN, Presiding Judge.

We granted Cynthia J. Cartwright's application for discretionary appeal from the superior court's order affirming a workers' compensation ruling which denied her motion to compel an expert witness to provide his Social Security number during his deposition. While we find no error in the trial court's ruling, we vacate the judgment and remand this case because the superior court lacked jurisdiction to decide the case.

In this case, Midtown Hospital, the employer, hired a physician to review the case and to testify as an expert regarding certain medical issues arising out of Cartwright's underlying workers' compensation claim for Hepatitis C infection. During the physician's deposition, Cartwright requested the expert's Social Security number, which he refused to divulge. The administrative law judge (ALJ) later denied Cartwright's motion to compel the production of the expert's Social Security number. The appellate division affirmed the ALJ's decision. Thereafter, Cartwright appealed to the Superior Court of Fulton County which affirmed the decision of the Workers' Compensation Board (Board). Cartwright filed her application for discretionary appeal therefrom.

Upon the grant of Cartwright's application for discretionary appeal, we asked the parties to address the issue of the superior court's jurisdiction to entertain a decision from the full board when no final decision had been entered. This issue has been addressed by several cases which found that only a final award granting or denying compensation was appealable to the superior court.

In *Fasher Painting &c. v. Bordelon*, 204 Ga. App. 196 (2) (419 SE2d 82) (1992), the ALJ denied a motion to add a party defendant. The Board reversed the ALJ and directed that the party defendant be added. The superior court then reversed the order of the Board. Id. On appeal to this Court, we held that:

OCGA § 34-9-105 (b) expressly provides: Either party to the dispute may, within 20 days from the date of any such *final award or* within 20 days from the date *of any other final order or judgment* of the members of the board[,] appeal from the decision in such *final award or from any other final decision* of the board to the superior court. This statute plainly, clearly, and unambiguously prescribes that only a *final* award, order, judgment, or decision of the board is subject to appeal to the superior court. Further, the Workers' Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation. *Conwood Corp. v. Guinn*, 190 Ga. App. 595 (379 SE2d 621) [(1989)]. When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. *Ringewald v. Crawford W. Long Mem. Hosp.*, 258 Ga. 302, 303 (368 SE2d 490) [(1988)], overruled on other grounds, *Spivey v. Whiddon*, 260 Ga. 502 (397 SE2d 117) [(1990)]. The order of the board remanding the claim to the ALJ to add a party was not a final award or other final order or judgment, neither did it grant or deny compensation. The right to judicial review is restricted to the method prescribed by the Workers' Compensation Act. See, e.g., *Macon v. U. S. Fidelity &c. Co.*, 41 Ga. App. 774 (154 SE 702) [(1930)]. Accordingly, the superior court lacked jurisdiction over this appeal.

(Punctuation omitted; emphasis in original.) Id. at 196-197 (2). Additionally, we have previously determined that "[n]owhere in our workers' compensation statute is there provision for an interlocutory appeal." (Punctuation omitted.) *GAC, MFG/Processing v. Busbin*, 233 Ga. App. 406 (504 SE2d 270) (1998) (superior court without jurisdic-

tion to review Board's order remanding case to ALJ to receive employer's evidence). See also *Gilman Paper Co. v. Davis*, 230 Ga. App. 364 (496 SE2d 469) (1998) (superior court without jurisdiction to review Board's order reinstating benefits pending a hearing for a final determination).

Cartwright contends that the superior court had jurisdiction to entertain her appeal pursuant to *Columbus Foundries v. Moore*, 175 Ga. App. 387 (333 SE2d 212) (1985). Therein, this Court held that a decision of the full board granting or denying a change in physicians is appealable to the superior court. Id. at 388. The issue reviewed in *Columbus Foundries*, however, was not whether such an order of the Board was a final decision, but whether, such an order, being within the sole discretion of the Board, was subject to review of any kind. Id. Our holding was based on a determination that the failure to allow jurisdiction in the superior court over such orders would allow the issue to be unreviewable, implicating due process concerns. Id. at 389. Such is not the case presently before us. Furthermore, a change in physicians is a substantive decision affecting directly the care available to the claimant, and public policy would support direct review of such a decision. Conversely, procedural matters do not directly impact the care available to the claimant and can await the ultimate determination for review.

The Board's order appealed from, in the present case, is an order on an interlocutory matter, i.e., a discovery dispute. It is not a final order or award granting or denying compensation, and the issues involved herein can be reviewed upon the entry of such an order. Therefore, the superior court was without jurisdiction. The superior court's judgment affirming the Board's decision is vacated, and the superior court is directed to dismiss the appeal as premature. See *Fasher Painting*, supra; *GAC*, supra; *Gilman Paper Co.*, supra.

Although we do not reach the merits of Cartwright's appeal, we note that her contention that she has a due process right to obtain an opposing expert's Social Security number, without explanation or control over its use, is without merit. Discovery matters are limited to issues relevant to the litigation, see OCGA § 9-11-26 (b) (1), and any disputes over the relevancy of discoverable information are within the sound discretion of the trial court.[1] *Apple Investment Properties v. Watts*, 220 Ga. App. 226, 227 (1) (469 SE2d 356) (1996). Other jurisdictions have allowed the discovery of Social Security numbers of witnesses, but the discovery was subjected to limitations on its use. See *NBA Properties v. Untertainment Records LLC*, 99 Civ. 2933 (S.D. N.Y.

---

[1] Reference to the trial court necessarily includes the ALJ and the Board as workers' compensation has adopted the Georgia Civil Practice Act for discovery matters. See OCGA § 34-9-102 (d) (1).

1999) (discovery of Social Security number allowed but purpose limited to efforts to locate missing person, not for any other purpose); *Arnold v. American Nat. Red Cross*, 93 Ohio App. 3d 564 (639 NE2d 484) (1994) (trial court directed to fashion a protective order allowing discovery of relevant information yet protecting the legitimate interest of the witness). It is clearly within the trial court's discretion to address legitimate privacy concerns of witnesses by requiring specific limitations on the use of discoverable information.

*Judgment vacated and remanded with direction. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 4, 2000.

*Clements & Sweet, John F. Sweet, Kelly A. Benedict,* for appellant.

*Swift, Currie, McGhee & Hiers, Richard H. Sapp III, Jennifer A. Riddick,* for appellees.