## A03A0158. AUGUSTA COCA-COLA et al. v. SMALLS.
(579 SE2d 873)

BLACKBURN, Presiding Judge.

We granted the application for discretionary review filed by the appellants, Augusta Coca-Cola and Travelers Insurance Company, to review a ruling of the superior court affirming the right of the appellee, Frank B. Smalls III, to a hearing on his workers' compensation claim. Finding that the appeal to the superior court was premature, we reverse.

The facts regarding the denial of Smalls's claims for workers' compensation benefits for a January 17, 1995 injury and the failure of his civil action in superior court are set forth in *Smalls v. Walker*.[1] On August 11, 2001, Smalls, acting pro se, filed a Form WC-14 requesting a hearing, based on the work-related injuries suffered in the January 17, 1995 accident. Appellants filed a motion to dismiss Smalls's claims based on the doctrine of res judicata. On October 9, 2001, the administrative law judge (ALJ) dismissed Smalls's claims with prejudice on the basis of res judicata.

On October 15, 2001, Smalls sent a letter to the Chairman of the State Board of Workers' Compensation, protesting the decision of the ALJ, asserting that he had documentation that would prove that he was entitled to workers' compensation, and asking that he be given a fair chance to present his case. The appellants filed a motion to dismiss Smalls's appeal, based on Smalls's failure to comply with the filing requirements set forth in Board Rule 103. On February 8, 2002, the appellate division of the State Board of Workers' Compensation issued an order reversing the decision of the ALJ and directing him to conduct a hearing on Smalls's claims. Appellants appealed the decision of the appellate division to the superior court. By order of May 20, 2002, the superior court affirmed the decision of the appellate division.

Appellants enumerate four errors committed by the superior court. We need not consider these enumerations since it is clear that the appellants' appeal of the superior court's decision was premature.

> As the appellate division's decision rendered the case pending before the trial division of the State Board, the superior court should have declined to review the employer's appeal because such an interlocutory appeal is unauthorized under the Workers' Compensation Act. Nowhere in our workers' compensation statute is there provision for an interlocutory appeal. The statute plainly, clearly, and unam-

---

[1] *Smalls v. Walker*, 243 Ga. App. 453 (532 SE2d 420) (2000).

biguously prescribes that only a *final* award, order, judgment, or decision of the board is subject to appeal to the superior court. The Workers' Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation.

(Citation and punctuation omitted.) *GAC, MFG/Processing v. Busbin.*[2] Accordingly, the judgment of the superior court affirming the appellate division's decision is reversed, and the superior court is directed instead to dismiss the appeal as premature. Id.

*Judgment reversed and remanded with direction. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 20, 2003.

*Donald M. Shivers,* for appellants.
Frank B. Smalls III, *pro se.*

