A09A0491. STRICKLAND v. CROSSMARK, INC. et al.
(680 SE2d 606)

MILLER, Chief Judge.

In this workers' compensation case, an administrative law judge ("ALJ") of the State Board of Workers' Compensation (the "Board") denied Mary Ann Strickland's claim for benefits after finding that she failed to show by a preponderance of the evidence that she had sustained a compensable injury. Further, the ALJ denied Strickland's request for attorney fees under OCGA § 34-9-108, finding that Crossmark, Inc. and American Casualty Company of Reading Pennsylvania, her employer/insurer, respectively (collectively "Crossmark"), properly controverted Strickland's claim pursuant to OCGA § 34-9-221. Strickland timely appealed the decision of the ALJ to the Appellate Division of the Board, contending for the first

time that Crossmark's notice to controvert was invalid because, as an employer which had voluntarily commenced paying her benefits, Crossmark failed to pay her all compensation due at the time of its notice to controvert in violation of OCGA § 34-9-221 (h)[1] and Board Rule 221.[2] See *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116, 119-120 (2) (479 SE2d 767) (1996) (holding that a controvert filed after 21 days, though within 60 days of the date the first payment of benefits is due, is invalid if the employer had not paid all compensation due at the time of the filing of the notice and that such compensation includes any penalties owed). After the Appellate Division vacated the decision of the ALJ and remanded for additional proceedings as to the validity of the notice to controvert, Crossmark appealed to the Superior Court of Lowndes County. The superior court reversed and remanded the case to the Appellate Division with direction that the Appellate Division review only such issues as were raised before the ALJ and later asserted as error before the Appellate Division.

We granted Strickland's application for discretionary review of the superior court's order, and she appeals, seeking reinstatement of the Appellate Division's decision and arguing that the judgment of the superior court was entered without jurisdiction and prematurely decided on the merits. Finding that the superior court lacked jurisdiction to hear Crossmark's appeal and that the decision of the Appellate Division was within the ambit of its authority, we reverse.

> In the absence of legal error, the factual findings of the Board must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. . . . [E]rroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, [however,] are subject to the de novo standard of review.

(Punctuation and footnote omitted.) *McLendon v. Advertising That Works*, 292 Ga. App. 677-678 (665 SE2d 370) (2008).

The undisputed evidence shows that Crossmark employed Strickland as a merchandising sales representative. On August 15, 2008, while stocking shelves at a Wal-Mart store located in Valdosta,

---

[1] OCGA § 34-9-221 (h) provides: "Where compensation is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensation."

[2] In relevant part, Board Rule 221 (h) provides: "Subsection (h) of OCGA § 34-9-221 applies only when income benefits are being paid under Forms WC-2, WC-2A, or subsection B of Form WC-1."

Strickland, who had pre-existing lower back problems, missed the last step on a ladder and fell to the floor. Strickland experienced lower back pain and, between 11:00 and 11:30 a.m., telephoned her acting supervisor to report a possible injury. At the time of the hearing before the ALJ, however, Strickland's employer, Crossmark, offered into evidence the Wal-Mart store's August 15 time sheet which showed that Strickland had not signed into the store until noon on that date, although she earlier had deposed that she signed in at 8:00 a.m. Given the foregoing and finding Strickland's explanation that she signed the time sheet as she left for the hospital unpersuasive, the ALJ entered his award denying Strickland compensation in any amount. Further, the record shows that the ALJ's hearing took place on April 10, 2007 and that the parties then stipulated that Crossmark voluntarily paid Strickland workers' compensation temporary total disability benefits from August 23, 2005 through October 3, 2005. In response to Strickland's claim that Crossmark failed to timely controvert her claim, the Appellate Division held:

> Under the Workers' Compensation Act, the employer is entitled to notice and an opportunity to be heard prior to being required to pay benefits. Since the issue of the validity of the notice to controvert was not heard or determined by the administrative law judge, the employer/insurer was not given notice and an opportunity to be heard and present a defense on this issue. See *Chem Lawn Services v. Stephens*, 220 Ga. App. 239 (469 SE2d 375) (1996); *Holliday v. Jacky Jones Lincoln Mercury*, 251 Ga. App. 493 (554 SE2d 286) (2001).

In light of the foregoing, the Appellate Division vacated the ALJ's decision and remanded Strickland's claim for further proceedings and consideration of the issue of the validity of the notice to controvert.

1. Strickland challenges the superior court's reversal of the Appellate Division's order, arguing that the superior court lacked jurisdiction to hear the appeal filed by Crossmark. We agree.

"[O]nly a *final* award, order, judgment or decision of the [Appellate Division] is subject to appeal to the superior court." *Cartwright v. Midtown Hosp.*, 243 Ga. App. 828, 829 (534 SE2d 504) (2000); see also *Fasher Painting &c. Co. v. Bordelon*, 204 Ga. App. 196 (2) (419 SE2d 82) (1992). "Nowhere in our workers' compensation statute is there provision for an interlocutory appeal." (Citation and punctuation omitted.) *GAC, MFG/Processing v. Busbin*, 233 Ga. App. 406 (504 SE2d 270) (1998) (superior court lacked jurisdiction to

review Board's order remanding case to ALJ).

Here, the order appealed from to the superior court vacated the award of the ALJ and remanded Strickland's claim to the original ALJ "or any other [ALJ] in the Trial Division for additional proceedings and consideration of the issue of the validity of the notice to controvert including a hearing, if necessary for the parties to present any evidence or arguments they want to present on [the] issue." Further, the order of the Appellate Division directed that the ALJ "then issue an award that addresses all the issues raised at the initial hearing . . . as well as the issue of the validity of the notice to controvert." Given the foregoing, the order appealed from to the superior court plainly was not a final award or decision of the Appellate Division. Instead, the decision of the Appellate Division remanded the case to the trial division where it remains pending. See OCGA § 34-9-103 (a) ("Upon review, the appellate division may remand to an administrative law judge in the trial division any case before it for the purpose of reconsideration and correction of apparent errors and omissions and issuance of a new award, with or without the taking of additional evidence, or for the purpose of taking additional evidence for consideration by the appellate division in rendering any decision . . . in the case."). For that reason, "the superior court should have declined to review [Crossmark's] appeal because such an interlocutory appeal is unauthorized under the Workers' Compensation Act." *Augusta Coca-Cola v. Smalls*, 260 Ga. App. 465 (579 SE2d 873) (2003).

Given the foregoing, the judgment of the superior court is reversed upon the grounds that Crossmark's appeal was premature and the superior court lacked jurisdiction to hear it. *Gilman Paper Co. v. Davis*, 230 Ga. App. 364 (496 SE2d 469) (1998).

2. In light of our disposition of Division 1, we need not reach Strickland's remaining claims of error.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 26, 2009.

*Melissa M. Peavy*, for appellant.
*Murphy & Sibley, Phillip A. Sibley*, for appellees.