# Court of Appeals
# of the State of Georgia

ATLANTA,____May 12, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0340.  PREMIER ELEVATOR COMPANY, INC. et al. v. MICHAEL
EDWARDS.**

Premier Elevator Company, Inc./SOI and CCMSI ("Employer/Insurer") seek
discretionary review of a superior court order affirming the State Board of Workers'
Compensation's order denying their motion to dismiss Michael Edwards's claim for
additional medical benefits.  Because the award was not final, however, appellate
review is not warranted.

The relevant facts show that Edwards filed a WC-14 hearing request seeking
payment of additional benefits stemming from an October 2010 work-related injury.
The Employer/Insurer filed a motion to dismiss, arguing the claim was barred by the
statute of limitation in OCGA § 34-9-82 (a).  The administrative law judge ("ALJ")
denied the motion to dismiss, finding Edwards's claim was a "change in condition"
under OCGA § 34-9-104 (a) (1), and therefore, the statute of limitation in OCGA §
34-9-82 (a) did not apply.  The Employer/Insurer appealed to the appellate division,
which affirmed and adopted the decision of the ALJ. The Employer/Insurer appealed
to the superior court, which also affirmed the decision.  The Employer/Insurer seek
appellate review of this ruling.

Only final workers' compensation awards or decisions may be appealed to the
superior court.  See OCGA § 34-9-105 (b).  In this case, the order of the appellate
division denying the Employer/Insurer's motion to dismiss was interlocutory as
Edwards's claim for benefits remains pending below.  See, e.g., *Gilman Paper Co.
v. Davis*, 230 Ga. App. 364, 364 (496 SE2d 469) (1998).  "The Workers'
Compensation Act makes no provision for an appeal to the superior court from a

decision by the [appellate division] other than one which grants or denies compensation." (Punctuation omitted.) *Conwood Corp. v. Guinn*, 190 Ga. App. 595, 595 (379 SE2d 621) (1989). Because there is no appealable order, this application presents nothing for review. It is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*_____05/12/2016_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*