**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 13, 2017**

# In the Court of Appeals of Georgia

A17A0414. PREMIER ELEVATOR COMPANY, INC./SOI et al. v. EDWARDS.

SELF, Judge.

We granted Premier Elevator Company, Inc./SOI and CCMSI's ("Employer/Insurer") application for discretionary appeal from the superior court's order affirming the State Board of Workers' Compensation's ("the Board") order denying their motion to dismiss employee Michael Edwards' claim for medical benefits based on the statute of limitation.

In this case, an Administrative Law Judge ("ALJ") of the Board denied the Employer/Insurer's motion to dismiss, finding that Edwards' "claim for additional medical treatment for compensable injuries to his left middle finger is not barred by the statute of limitation[] under OCGA § 34-9-82 (a)." The appellate division of the

Board adopted and affirmed the ALJ's findings and conclusions and the Employer/Insurer appealed to the superior court. The superior court affirmed the Board's decision.

OCGA § 34-9-105 (b) provides that

> [e]ither party to [a workers' compensation] dispute may, within 20 days from the date of any such final award or within 20 days from the date of any other final order or judgment of the members of the board, but not thereafter, appeal from the decision in such final award or from any other final decision of the board to the superior court of the county in which the injury occurred or, if the injury occurred outside the state, to the superior court of the county in which the original hearing was held, in the manner and upon the grounds provided in this Code section.

Id. "This statute plainly, clearly, and unambiguously prescribes that only a *final* award, order, judgment, or decision of the board is subject to appeal to the superior court. Further, the Workers' Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation. *Conwood Corp. v. Guinn*, 190 Ga. App. 595 (379 SE2d 621) (1989)." (Punctuation omitted; emphasis in original.) *Fasher Painting & Decorating Co. v. Bordelon*, 204 Ga. App. 196, 196 (2) (419 SE2d 82) (1992). Here, the Board denied the Employer/Insurer's motion to dismiss based on statute of limitation

2

grounds. Although the Board found that Edwards had a "compensable" injury, it did not issue a compensation award. Thus, Edwards' claim for benefits remains pending below. Because the Board's ruling did not constitute a "final order or judgment" as contemplated by OCGA § 34-9-105 (b), the superior court was without jurisdiction to consider the appeal and should have dismissed it. Accordingly, the judgment of the superior court is reversed with direction that the appeal be dismissed as premature. See *GAC*, *MFG/Processing v. Busbin*, 233 Ga. App. 406 (504 SE2d 270) (1998); *Fasher Painting & Decorating Co.*, supra; *Conwood Corp.*, supra.

*Judgment vacated and remanded with direction. Dillard, P. J. and Ray, J., concur.*