**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and DOYLE, P. J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 8, 2022**

# In the Court of Appeals of Georgia

A22A0529. NEWTON COUNTY BOARD OF EDUCATION v. NOLLEY.

RICKMAN, Chief Judge.

In this workers' compensation case, the Newton County School District ("the employer") sought discretionary review of the superior court's order affirming the decision of the appellate division of the State Board of Workers' Compensation, which found that Ray Nolley ("the employee")'s claim for temporary total disability benefits was not time-barred. We granted the employer's discretionary application to determine whether the superior court had jurisdiction to review the decision of the appellate division. For the following reasons, we reverse the superior court's judgment and remand the case for proceedings consistent with this opinion.

The record shows that in 2008 the employee suffered a compensable injury. As a result, he received temporary total disability ("TTD") income benefits until May 2016, and permanent partial disability benefits until September 2016. In November 2016, the employee filed an application for a hearing, specifically seeking TTD benefits based on the catastrophic nature of the claim. Approximately six months later, the employee filed another request for catastrophic designation of the claim and his hearing request was removed from the docket.

The employee filed a new hearing request in October 2018, but a month later that request was also taken off the active docket. In July and December 2020, the employee filed new requests seeking TTD benefits. The employer contested the new filings for TTD benefits, arguing that the statue of limitations had run on that claim. The ALJ found that the employee's November 2016 application for hearing "continues to be viable, and is not barred by the change-in-condition statute of limitations." The appellate division adopted the ALJ's decision, and the superior court adopted and affirmed the appellate division's decision.

Pursuant to the workers' compensation statute,

[e]ither party to the dispute may, within 20 days from the date of any such final award or within 20 days from the date of any other final order

or judgment of the members of the board . . . appeal from the decision in such final award or from any other final decision of the board to the superior court of the county in which the injury occurred[.]

OCGA § 34-9-105 (b). "Nowhere in our workers' compensation statute is there provision for an interlocutory appeal." (Citation and punctuation omitted.) *GAC, MFG/Processing v. Busbin*, 233 Ga. App. 406, 406 (504 SE2d 270) (1998).

The statute plainly, clearly, and unambiguously prescribes that only a *final* award, order, judgment, or decision of the board is subject to appeal to the superior court. The Workers' Compensation Act makes no provision for an appeal to the superior court from a decision by the full board other than one which grants or denies compensation.

(Citation and punctuation omitted; emphasis in original.) Id.

Our review of the record shows that this case remains pending before the trial division of the State Board because, the ALJ determined that the employee's hearing request "continue[d] to be viable" and the appellate division adopted the ALJ's award. "As the appellate division's decision rendered the case pending before the trial division of the State Board, the superior court should have declined to review the employer's appeal because such an interlocutory appeal is unauthorized under the Workers' Compensation Act." *GAC, MFG/Processing*, 233 Ga. App. at 406.

Accordingly, the superior court's judgment affirming the appellate division's decision is reversed, and the superior court is directed to dismiss the appeal as premature. See *Augusta Coca Cola v. Smalls*, 260 Ga. App. 465, 465 (579 SE2d 873) (2003); *GAC, MFG/Processing*, 233 Ga. App. at 406.

*Judgment reversed and case remanded. Miller, P. J., and Doyle, P. J. concur.*